The opinion of the Court was delivered by
Johnston, Ch.
This Court is satisfied, upon the reasoning *309 of the Chancellor, that the instrument is a deed. As to the fact of its delivery, his conclusion, must, according to our practice, have a decisive influence, unless gross error appears-But so far from this, it appears to us that no other conclusion could be drawn, in this case, than that to which the Chancellor came. Two days after the execution of the paper, we find it in the hands of the recording officer, for registration. Now it could have been delivered to him only by the grantor or some other person to whom the grantor -transferred the possession of it. In either case, it was a delivery which the Court would make use of for the benefit of the infant grantee.
We concur also with the Chancellor in so'much of his decree as is questioned by the 2nd and 3rd grounds of appeal.
Subject to an enjoyment by himself during his life, the grantor conveyed the property indefinitely to his son. Throwing out of view, for the present, the provision in favor of the chib dren of Ann and Laura Yarn, and of the grantor’s brothers ; this conferred upon John H. Snider a present vested title in remainder to the fee in the property. The delivery of the deed was sufficient to make this good to him. But instead of leaving the fee in him, unconditionally, the deed makes his title defeasible on the contingency of his dying in his minority without issue; and provides that the property shall go over to the children of the persons mentioned. I suppose the deed was sufficient to pass the whole property in remainder out of the grantor, and into his son, with or without conditions; and a delivery of it to the son was good to vest the title in him subject to the conditions mentioned. If the conditions failed, the only consequence was that the title of the son became indefeasible There was no reverter.(a) If the condition happened, the grantee became a trustee for the persons to whom the contingency worked a benefit. The question of interest, arising from the contingency, must be one purely among these *310 parties. But, apart from this view which regards the grantee, John H. Snider a trustee for the ulterior remaindermen, and regarding the interest of the latter as legal and not merely equitable, I am of opinion, that where a deed conveys property indefinitely, defeasible in favor of other persons on a contingency, the deed is sufficient for all who take an interest under it, and its delivery to the first taker is a deliveryto all.(a)
We are of opinion with the Chancellor, that the declaration in the deed, that in the event of John H. Snider’s dying in minority and without issue, the property is “ to go ” to the ulterior remaindermen, is a sufficient conveyance to them, in that event, and we concur in his conclusions as to the children who became entitled.
It is ordered that the decree be affirmed and the appeal dismissed.
Dunkin, Daegan, ano Wakdlaw, CO., concurred.

Appeal dismissed.

 Kerah vs. Yongite, 7 Rich. Eq. 100; Shanda ys. Rogers, id. 424.

 Hill vs. Hill, Dud. Eq. 71.