CASE No. 1160.

BRISTOW v. McCALL.

1. A testator devised his real estate to A. and B. and their heirs in trust for the use and benefit of both his son E. and daughter D. He continued: "I hereby direct my executors hereinafter named to divide my lands equally between my son E. and daughter D., and permit each to use, possess and enjoy his or her half in severalty during his or her natural life, and after

the death of either, that they divide the share of each among his or her children equally." A. and B. were appointed executors of the will. After testator's death, the trustees divided the land between E. and D., and each went into possession of the share allotted to them. Afterwards E.'s interest in this land was levied upon under execution and sold. *Held*, that the purchaser took no title.

2. The trust was not executed for the life of E. by the Statute of Uses, but the legal title remained in the trustees to enable them to perform the duties imposed upon them.

3. Nor was the interest of E. in this land such an interest as was subject to levy and sale under the tenth section of the Statute of Frauds (2 *Stat.* 527, *Gen. Stat.* 472 § 2,) the trust not being a pure and simple trust for the benefit of the debtor alone.

Before WALLACE, J., Marlborough, September, 1881.

Action by Alexander E. Bristow against C. S. McCall. The opinion fully states the case.

*Messrs. Townsend & Livingston*, for appellant.

*Messrs. James Conner* and *H. H. Newton*, contra.

March 7th, 1882. The opinion of the court was delivered by

SIMPSON, C. J. The plaintiff, appellant, seeks to recover possession of a tract of land located in Marlborough county, of which the defendant is in possession.

It was admitted that one John H. David formerly owned the land, and the plaintiff attempted to connect himself with the title of David. For this purpose he first introduced the will of John H. David, deceased, referring to the tenth clause thereof as bearing upon the land in dispute. In this clause the testator gave and devised to A. H. Douglass and A. N. Bristow and their heirs, all of his real estate, in trust, nevertheless, for the use and benefit of both his son, Evander David, and daughter Elizabeth, wife of William J. Daniels, with directions to his executors to divide the lands equally between his son Evander, and daughter Elizabeth, and to permit each to use, possess and enjoy his or her half in severalty during his or her natural life, and after the

death of either that they divide the share of each among his or her children equally, appointing the said A. H. Douglass and A. N. Bristow, executors. The division of the land was made by the executors and each party put in possession of his and her share.

Numerous judgments and executions against Evander were offered in evidence, under which the land in dispute was sold, and a deed from the sheriff to the plaintiff, dated December 7th, 1870, regularly recorded, was properly proved. Under this deed the plaintiff went into possession and so continued until some two years ago, when the defendant went into possession, but it does not appear how the defendant got possession. The executors, A. H. Douglass·and A. N. Bristow, are both dead.

With the proof of the above facts the plaintiff closed, whereupon the defendant moved for a non-suit, on the ground that E. David had no interest in the land in dispute subject to levy and sale under and by virtue of the aforesaid judgments and executions. The presiding judge granted the non-suit.

Now, the only question before this court on appeal of plaintiff is this : Did Evander David have such an interest in the land as was subject to levy and sale by the sheriff? If so, there was error in the judgment of non-suit; otherwise, the judgment must be affirmed.

Two classes of interests in lands are subject to levy and sale for debt : *First*, legal interests, and, *second*, certain trust estates, such as are contemplated by Section 10 of Statute of Frauds. Did Evander David have an interest in this land belonging to either of these classes ? This interest, whatever it was, came through the will of his father. It will not be contended that he took a legal interest by the express terms of this will, because the fee in the land is conveyed expressly by the will to Douglass and Bristow, as will be seen at once on reading it. It is devised to these parties and *their heirs*. This is a direct conveyance of the fee.

This is admitted by appellant, but it is contended that the legal title passed from these parties to Evander and the remainder-men by the Statute of Uses, and that at the time of the sale by the sheriff, by operation of this statute, Evander was legally seized of

a life-estate, which, by the sale, went to the plaintiff as purchaser. The Statute of Uses never executes the use while there is anything for the trustee to do, necessary to the accomplishment of the trust created by the deed. It applies in cases only where there is nothing to be done by the trustee, as where an estate is given to one and his heirs simply in trust for another. In such case the title passes through the trustee directly to the *cestui que trust,* the latter becoming the legal owner by virtue of this transmission, caused by the statute.

But, where the trustee is charged with the performance of some duty in connection with the property, which cannot be performed except by the authority of the legal title vested in him, the statute has no application, because, if it did, it would defeat the very purpose intended by the execution of the deed. The statute affords a statutory mode of conveyance, where a conveyance is intended, but it does not destroy a trust interest, when such interest was intended to be created as evidenced by imposing a duty upon the trustee. In this case, Douglass and Bristow, trustees named in the will, were charged with duties. They were, in the first instance, to divide the land between Evander and his sister, then, to permit each of them to use, possess and enjoy his or her portion in severalty for life, and after the death of either or both, to divide the share of each among his or her children equally.

Now, if immediately upon the death of the testator, the statute stepped in, and ousting Douglass and Bristow, transferred the legal title to Evander and his sister for life, and to their children in remainder, by what authority could they have attempted to discharge the important duties which the testator solemnly enforced upon them as his chosen friends? This is not a case for the statute, and Evander not having a legal interest the sheriff had no power to sell the land on that ground.

Did he have such trust interest as by Section 10 of Statute of Frauds is subject to levy and sale? The trust interest referred to, it is true, is not very distinctly defined in the act, nor is it clearly pointed out in the decisions. But it is conceded that it must be a clear and simple trust and for the benefit of the debtor alone, the object of the statute being merely to remove the

technical objection arising from the interest in the land being legally vested in another person, where it is so vested for the benefit of the debtor. *Doe* v. *Greenhill,* 4 *Barn. & Ald.* 684; *White* v. *Kavanagh,* 8 *Rich.* 395.

A simple trust is said by the authorities to be (*Lew. Trusts* 21; *Bouv. Inst.* § 1900;) "a trust corresponding with the ancient use; and it exists where property is simply vested in one person for the use of another, and the nature of the trust not being qualified by the letter is left to the construction of the law." A trust of this kind, for the benefit of the debtor alone, and not jointly with others, would fall under this section, but if others were interested, that fact would exclude the application of the statute. *Rice* ads. *Burnett, Spears Eq.* 585. The trust must be a pure and unmixed one in favor of the debtor alone, because the effect of a sale under this section is to divest the estates both of the trustee and the *cestui que trust,* and to transfer them to the purchaser, which would be prejudicial to the interest of others, where others are joined in the trust. *Harrison* v. *Battle,* 1 *Dev. Eq.* 541.

Now, did the will of David create a pure and unmixed trust, or, in the language of the cases, a simple trust in this land in favor of Evander alone, such an interest as that a sale thereof by the sheriff would not interfere with any duty imposed upon the trustee, or the interests of other *cestuis que trust?* The will conveyed the fee-simple of the entire land of the testator to Douglass and Bristow, for the use and benefit of Evander, and Elizabeth, a married woman, with direction to divide the land equally, and to permit each of them *to use, possess and enjoy* one half in severalty during life, and after the death of either, to divide his or her share equally among his or her children.

We do not think that there was a simple trust conveyed here in any distinct portion of this land to Evander alone, in the sense contemplated by the tenth section of the Statute of Frauds, as construed by the decisions. Before the division, there was a a joint life interest in Evander and Elizabeth, and after the division, the interest of each in the portions allotted to each was accompanied with an interest in behalf of their children by way of remainder.

The interests of the life-tenants were encumbered with unexecuted trusts in favor of the children, which made it necessary that the legal title should remain in the trustees. The statute does not apply where the interests of others are mixed up with the debtor's title. *Rice* ads. *Burnett, Spears Eq.* 584; *Doe v. Greenhill,* 4 *Barn. & Ald.* 684. On the questions discussed, in addition to the cases cited, see also the cases of *Ioor* v. *Hodges, Spears Eq.* 596; *Bogart* v. *Perry,* 1 *Johns. Ch.* 52; also, 17 *Johns.* 352; *Lynch* v. *Utica Ins. Co.,* 18 *Wend.* 250.

We think there was no error below in granting the non-suit. The only error assigned in the appeal, being that his Honor held that the land described in the complaint was not subject to levy and sale under an execution against the debtor, being disposed of, it is only necessary to say:

That it is the judgment of this court that the judgment of the Circuit Court be affirmed.

MCIVER and MCGOWAN, A. J.'s, concurred.