WOODLEY v. CALHOUN.

REMAINDERS.—A TRUST DEED conveying an estate to a trustee in fee
for benefit of grantor for life, and at her death to convey and de-
liver said real and personal property unto persons named therein,
who are her children and grand-children, and in case any of them
should die before conveyance leaving children, they should take the
share of the parent, carries a vested remainder to the parties named,
and the wife of a son dying in lifetime of life tenant, whose posthu-
mous child also predeceased life tenant. takes the share of the son.

Before GARY, J., Marlboro, November, 1903.    Reversed.

Action by Jno. A. Woodley, admr. of Mary A. Woodley,
against Archibald L. Calhoun, sr., trustee, Legare S. Cal-
houn *et al.*   From Circuit decree, Hattie Woodley appeals.

*Mr. J. H. Hudson,* for appellant, cites: 18 S. C., 47; Dud.
Eq., 201; 11 Rich. Eq., 527; 12 S. C., 172; 27 S. C., 479;
44 S. C., 503.

*Messrs. T. I. Rogers* and *Townsend & Hamer,* contra,
cite: 67 S. C., 130; 23 S. C., 512; 10 S. C., 386; 26 S. C.,
450; 12 Rich. Eq., 114; 22 S. E. R., 831; 1 Hill Eq., 311.

June 22, 1904.   The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.   This appeal raises the question
whether those persons named in the deed of trust hereinafter
mentioned took as vested or contingent remaindermen.

The facts are thus set out in the decree of his Honor, the
Circuit Judge: "Mary A. Woodley, being the owner in fee
of a certain tract of land, on the 2d day of December, 1897,
made to Archibald L. Calhoun, sr., a formal deed of convey-
ance thereto with *habendum* to him, his heirs and assigns, 'in
trust, nevertheless, for my sole use, benefit and behoof, for
and during the term of my natural life, without impeachment
of or for any manner of waste, and to permit me to use,

occupy and possess said premises and said personal property so long as I may live, and to receive and enjoy the rents, profits, usufruct and income therefrom, without accounting or accountability to any one whomsoever, and upon and immediately after my death to convey said real estate and transfer and deliver said personal property unto Legare S. Calhoun, Margaret E. McLeod, J. Meekins Woodley, Flora Woodley, John A. Woodley, Jas. D. Woodley, Tot A. Woodley, Lydia J. Woodley, and the children of my deceased daughter, Mary Woodley Moore, in the proportion that each of my said children shall receive one share, and the children of my deceased daughter, Mary Woodley Moore, shall among them receive the one share to which their mother would have been entitled had she been living; and in case any of my said children or grand-children shall die before said conveyance is made, then the child or children of such deceased child shall receive the part or portion to which his or their parent would have been entitled, had he or she been living.'

"The said Mary A. Woodley died October 5, 1901, leaving her surviving as her only heirs at law all the beneficiaries named in said deed, except Tot A. Woodley, who died some time previous to the death of said Mary A. Woodley, his heirs at law being his widow and a posthumous child, who lived only a few months, and also died before the said Mary A. Woodley.

"Soon after the death of said Mary A. Woodley, John A. Woodley qualified as administrator of her estate, and on December 2, 1901, instituted this suit, making all of said heirs at law of Mary A. Woodley, and also the said Hattie Woodley, parties defendant. The action being for a sale of said land to pay her debts and for partition, the complaint alleging that said Hattie Woodley claimed, but was not entitled to participate in the same. On December 28th, 1901, an order was granted calling in creditors, and under the call several creditors proved claims. On November 1, 1902, an order of sale was granted and also of reference.

The sale was duly made, and report thereof confirmed by order, and distribution directed after providing for the payment of the debts of said Mary A. Woodley.

"The order of distribution provided, 'that the clerk should retain the sum of five hundred and fifty-one and 81-100 dollars until the determination of the right thereto of the defendant, Hattie Woodley, nothing in this order being intended to prejudice that question one way or the other.'

"The defendant, Hattie Woodley, never answered in said cause, and never formally appeared, until about the time said order of distribution was about to be made.

"The order of reference above mentioned was revoked by order dated October 20th, 1903. So that the sole question left for adjudication is, shall the amount held by the clerk, to wit: the sum of five hundred and fifty-one and 80-100 dollars, be paid over to the defendant, Hattie Woodley, the wife of Tot A. Woodley, or shall the same be distributed among the surviving beneficiaries under said deed of trust and heirs at law of said Mary A. Woodley. The question depends upon the proper construction of the deed of Mary A. Woodley."

The Circuit Judge then states his reasons for holding that the remainders were contingent, as follows:

"The property mentioned in the deed was the property of Mary A. Woodley. She conveyed it to the trustee and his heirs and assigns in trust, to hold it for her use during her natural life, and *after her death* to convey it to the persons named in the deed. She must have had some object in conveying the fee to the trustee, as she could have conveyed to her children direct, reserving a life estate, without the interposition of a trustee. The only object she could have had was to prevent the vesting of the title to the property given to the beneficiaries until the term fixed by her in the deed, and for it to be conveyed to only those persons named in the deed.

"When not a violation of some rule of law, the intention of the maker of a deed must prevail, and this intention must

be ascertained from a consideration of the whole instrument. *Duckett* v. *Butler,* 67 S. C., 130. Considering the words of the deed, I am of the opinion that the grantor intended, by putting the title of the property in the trustee, to fix the period of her death as the time for the vesting of the interests given to her children; and further, that she intended to confine the property to be conveyed at that time to a class— children or grand-children, or lineal heirs, and not collateral heirs. If such was her intention, the remainders to the beneficiaries were contingent remainders, and for the purpose of preserving such remainders, the fee was necessarily put in the trustee.

"When the right to the estate is deferred, is not only deferred, but is dependent upon the happening of some future contingency, the remainder is contingent. *Farr* v. *Gilreath,* 22 S. C., 512; *Faber* v. *Police,* 10 *Id.,* 386. Not only is the remainder contingent, but the persons to take are uncertain until the estate becomes vested by the happening of the contingency. *Roundtree* v. *Roundtree,* 26 S. C., 450.

"By the terms of this deed no one of the children or grand-children is to take except upon the contingency that he or she is living at the death of the grantor. Tot A. Woodley and his only child died before the grantor, and no interest in the property conveyed was vested in either of them, as the contingency of those surviving the grantor never happened. If the remainder was contingent, then the widow of Tot Woodley and the mother of his child has no interest under the deed in the property. The rule is well settled, that when a legacy is given to a class of persons in general terms, and one or more of the described class dies in the lifetime of the testator, those of the described class who survive the testator take the whole estate. *Reynolds* v. *Reynolds,* 65 S. C., 396.

"The grantor requires the trustee to convey the interest to each beneficiary under the deed. In order for him to do so and execute the trust, it was necessary that he should hold the legal title to the property until after the death of

the life tenant. The grantor fixed the time in the deed when the interests were to vest—that is, when the conveyances are made by the trustee, and the remainders could not be vested transmissible remainders, as contended by counsel representing the widow of Tot Woodley.

"It is adjudged and ordered, that the defendant, Hattie A. Woodley, is entitled to no interest in the property conveyed by Mary A. Woodley to A. L. Calhoun, sr., as trustee, and that the amount of money now in the hands of the clerk is distributable among the other beneficiaries mentioned in said deed" * * *

The first, second and fourth exceptions will be considered together, and are as follows:

"I. Because it is respectfully submitted that his Honor erred in holding that the remainder in said deed to Tot A. Woodley was not a vested remainder; whereas, he should have held that it is a vested remainder, liable to be diverted only upon his dying in the lifetime of the life tenant, leaving a child or children surviving, in which case the estate in remainder at once became vested in such child or children.

"II. That immediately upon the birth of the posthumous child of Tot A. Woodley and his wife, Hattie, the said estate in remainder vested in said child, and upon its death was transmitted to its mother, Hattie Woodley, as its sole heir at law, and his Honor should have so decreed.

"IV. Because it was error in the presiding Judge not to have held that the remainder to Tot A. Woodley is a vested remainder, liable only to become divested upon his death in the lifetime of the life tenant, and having so died, the estate became vested in his unborn child immediately upon its birth; and being so vested and transmissible was, upon the death of the said child in the lifetime of the life tenant, at once transmitted to its mother, as sole heir, who is now claiming, and to whom must be awarded the right to the said fund expressly reserved by the Court to await its judgment."

The distinction between vested and contingent remainders is clearly stated in the case of *Faber* v. *Police,* 10 S. C., 376,

as follows: "According to the elementary writers, a vested remainder is one which is limited to an ascertained person in being, whose *right* to the estate is fixed and certain, and does not depend upon the happening of any future event, but whose *enjoyment in possession* is postponed to some future time. A contingent remainder, on the other hand, is one which is limited to a person not in being or not ascertained; or, if limited to an ascertained person, it is so limited that his *right* to the estate depends upon some contingency in the future. So that the most marked distinction between the two kinds of remainders is that in one case the *right to the estate* is fixed and certain, though the *right to the possession* is deferred to some future period; while in the other, the *right to the estate,* as well as the *right to the possession* of such estate, is not only deferred to a future period, but is dependent upon the happening of some future contingency. As it has been well expressed, 'it is not the uncertainty of the estate in the future, but the uncertainty of *the right* to such enjoyment, which marks the difference between a contingent and a vested remainder.' "

In the case of *Gourdin* v. *Deas,* 27 S. C., 479, 4 S. E., 64, land was conveyed by deed to one in trust for D. for life, and after her death to her issue, to take *per stirpes,* their heirs and assigns forever, and it was held that D. took an estate for life with a vested transmissible remainder to immediate issue, and that the rule in Shelley's case did not apply. In delivering the opinion of the Court, Mr. Chief Justice McIver uses this language: "The authorities in this State appear to be somewhat conflicting, but it seems to us that the more recent cases support the view that the remainders vested in such of the issues as were *in esse* at the date of the deed, at that time, opening to let in other issues as they came into existence, whose interests were also vested at their birth, and that such vested interests were not divested by the death of any such issue, leaving no issue in the lifetime of the life tenant, and hence that the Circuit Judge erred in excluding the representatives of

Robert L. Deas and Zephania, from any participation in the division of the property." He also uses these significant words: "It will be observed that the remainder is to the issue of Eliza C. Deas, *not* to her *surviving* issue, or to her issue *then living,* which would have been the words that most naturally would have been used, if the intention had been to confine the gift to such issue only as might be *in esse* at the time of the death of the life tenant; but, on the contrary, as we have said, the remainder is to the issue generally in such terms as import a fee simple, which was to vest *in possession* at the time of the death of the life tenant; and hence, as was said in *Rutledge* v. *Rutledge, supra,* 'necessarily all falling within the description of issue up to that time are entitled to an equal participation in the estate.' "

There is an elaborate review of the authorities upon this subject in *Brown* v. *McCall,* 44 S. C., 503, 22 S. E., 823. In that case a tract of land was settled by the court of equity upon a married woman, by directing a conveyance of the land to a trustee, to hold in trust for her for life, and then for her present husband for life, and after the death of the survivor, one-half to the use of her children by her first husband, the issue of a deceased child taking by representation the parent's share, and the other half to her issue by her second husband, the issue of a deceased child taking by representation the parent's share. The Court held that "the children took vested transmissible interests, and that the shares of such of them as died before the surviving life tenant, passed to their vendees or heirs at law, provided they left no issue; but if they left issue who survived the life tenants, then their shares could not be claimed by their vendees or heirs at law, but were divested by the express terms of the deed, and vested in such their issue."

That case is conclusive of the questions presented by the foregoing exceptions, which are sustained.

The third exception is as follows: "III. Because it was error in his Honor to hold that the fee being in the trustee, prevented the estate in remainder from vesting, and that the

period for the vesting of the remainders under the deed is the death of the life tenant, and this only upon the contingency of the remaindermen surviving the life tenant; so that the estates in remainder under said deed are in fact contingent and not vested. Such instruction, it is respectfully submitted, was error."

As the interests were vested by the deed, there was no necessity for the trustee to make conveyances after the death of the life tenant. *Farrow* v. *Farrow,* 12 S. C., 168.

It is the judgment of this Court, that the judgment of the Circuit Court ·be reversed, and the case remanded to that Court for further proceedings to carry into effect the views herein announced.