## 9686

### PEARSON v. EASTERLING.

#### (92 S. E. 619.)

1. WILLS—REMAINDERS—INTESTACY—DISTRIBUTION OF ESTATES.—Where a will creates no cross remainders between remaindermen to whom property is devised, the share of a remainderman on his death during existence of precedent life estate, intestate, and without leaving children, who were to take under the will by substitution, passes to his heirs at law under the statute of distributions.

2 PARTITION—PARTIES.—A tenant in common is not entitled to the partition and enjoyment of his interest in severalty before the adjudication of the interest of his cotenants in the common property.

3. WILLS—ALTERNATIVE REMAINDERS—EXECUTORY DEVISE.—Under a will devising to testator's daughter certain lands, to be free from her husband's debts or contracts "during the term of her natural life,

and at her death that the lands descend to the heirs of her body to each an equal share, the children of any deceased's child representing the parent," each of the children of the daughter took a vested remainder, subject to be divested by his dying before the death of the life tenant, leaving a child, who, in such event, would take by substitution in place of the deceased parent; the limitation to such child of a deceased parent being an alternative remainder, and not an executory devise.

4. WILLS—ESTATE OF FREEHOLD—EXECUTORY DEVISES.—An estate is never allowed to inure by way of executory devise, if it can take effect as a remainder.

Before SHIPP, J., Bennettsville, Spring term, 1916. Reversed.

Action by H. P. Pearson against H. T. Easterling and others. Judgment for plaintiff, and defendants appeal.

The following statement appears in the record:

"This action has been once to the Supreme Court, and will be found reported in 104 S. C., at page 178, 88 S. E. 376, and states the facts as follows:

"William C. Easterling died in 1866, leaving of force a last will and testament, bearing date the 26th of January, 1863, whereby, in the first paragraph thereof, he devised the lands in dispute to his wife, Martha Ann Easterling, to have and to hold during the term of her natural life, and whereby, in the second and third paragraphs thereof, he devised to his daughter, Mary Ann Easterling, wife of Dr. H. R. Easterling, the lands in dispute, 'without being in any wise subject to debts or contracts, now existing, or which he may create hereafter, during the term of her natural life, and at her death that they (the lands) descend to the heirs of her body, to each an equal share, the children of any deceased child representing the parent.'

"It seems that Martha Ann Easterling, the wife of the testator, survived him but a short time; but this is immaterial, as her rights under the will are not involved. Mary Ann Easterling and Dr. H. R. Easterling had 11 children.

The following table gives the dates and births, that have taken place in the family: (1) Margaret Pauline Easterling, born October 7, 1860, died October 25, 1873. (2) Gilmore Simms Easterling, born February 5, 1868, died June 21, 1888. (3) Harris B. Easterling, born November 23, 1877, died December 6, 1900. (4) Mary Elizabeth (or Bettie) Pearson, born November 15, 1863, died December 16, 1900. (5) Keitt E. Easterling, born August 17, 1870, died February 22, 1905. (6) Robert J. Easterling, born November 27, 1872, died October 23, 1911. Deaths of parents: Dr. H. R. Easterling died May 23, 1911; Mrs. Mary A. Easterling died May 7, 1912. Living children: (1) Mattie A. Pearson, born April 21, 1862. (2) W. C. Easterling, Jr., born February 17, 1866. (3) F. M. Easterling, born February 5, 1868. (4) Henry T. Easterling, born December 15, 1875. (5) A. G. Easterling, born May 18, 1882.

"The only one of the deceased children above mentioned who left issue was Bettie Pearson, whose only child is Harris P. Pearson, the plaintiff, who was born during 1893. We have already stated that Bettie Pearson died in 1900, and that Mary Ann Easterling, the life tenant under the will, died in 1912."

The following are additional facts necessary to be stated, in that they may affect the share of the plaintiff:

"Margaret Pauline Easterling, Gilmore Simms Easterling, Harris R. Easterling and Dr. H. R. Easterling all died intestate, at the times mentioned above, unmarried and without issue, except Dr. H. R. Easterling, and none of said parties made any disposition whatever of their interest in any of the land herein involved. R. J. Easterling died at the time mentioned, leaving a will, wherein he devised to his wife, Mary Ella Easterling, during her life, and after her death to be equally divided, share and share alike, among his brothers and sisters, child or children of any deceased child to represent and take the parent's share, his interest in his real estate.

"The Supreme Court decided as follows, concerning the interest of the plaintiff : 'The case just mentioned (*Rutledge v. Fishburne,* 66 S. C. 155 [44 S. E. 564, 97 Am. St. Rep. 757]) and the one under consideration are so similiar that we do not deem it necessary to cite other authorities to show that Harris P. Pearson, the plaintiff, took as an executory devisee under the will. Having reached this conclusion, it is unnecessary to cite authorities to show that Harris P. Pearson derived his rights directly from the testator, and that neither Bettie Pearson, his mother, nor any other party holding under the will, had the power to destroy his rights by merger or in any other manner. Under our construction of the will, the plaintiff has an interest in all the lands devised by the testator and to a share of the rents and profits.'

"On this decision coming down, the plaintiff moved for an order setting off one-sixth of the entire property as his part. The defendants, H. T. and A. G. Easterling, insisted that the Court should direct that the interest of the plaintiff be set apart from the portion of the land now in the possession of Mary Ella Easterling, as it contained the very tract that had formerly been allotted and set apart to plaintiff's mother, Bettie Pearson, and by her conveyed to R. J. Easterling; that the identical 30-acre tract formerly owned by plaintiff's mother should be set apart to him, and, if said 30 acres was not considered a fair share, that then such additional land should be taken from that in the possession of Mary Ella Easterling as would give to plaintiff his fair share under the partition."

*Messrs. D. D. McColl, Jr., Edward McIver* and *W. P. Pollock,* for certain appellant.

*Messrs. Stevenson, Stevenson & Prince,* for other appellants.

*Mr. J. K. Owens,* for respondents.

May 22, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The first question that will be considered is whether there was error on the part of his Honor, the Circuit Judge, in ruling that the interest of the plaintiff in the property is one-sixth thereof. On the former appeal herein this Court held that the plaintiff, Harris P. Pearson, took as an executory devisee under the will. It is now necessary to determine whether Bettie Pearson, the mother of the plaintiff, took a vested or a contingent remainder.

When the Court adjudged that the plaintiff took under the will as an executory devisee, it could not have so ruled, unless it had also reached the conclusion that Bettie Pearson, the plaintiff's mother, had a vested interest in the property at the time of her death, which was prior to the death of the life tenant. The ruling of the Circuit Judge, that the plaintiff is entitled to a sixth of the property, is necessarily based upon the proposition that the remainders to the children of the life tenant were contingent, but that on account of the provision, "the children of any deceased child representing the parent," they were alternative or substitutional in their nature; that only those children of the life tenant living at the time of her death, and the children, then living, of those who had died prior to her death, were entitled to a share of the property.

In the case of *Rutledge* v. *Fishburne*, 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757, the Court had under consideration a devise by a testator "unto my said daughter, Sophia Sheppard Marion, for life, not subject to the debts of her husband, with remainder to her children, share and share alike, the child or children of a deceased child to represent and take the parents' share." Mrs. Fishburne, the daughter of Mrs. Marion, the life tenant, was *in esse,* when Mrs. Wilson, the testatrix, died. The question was as to the

right of the child or children of a deceased child. The
Court said:

"Under the foregoing clause of the will, Mrs. Fishburne
took a vested transmissible interest in remainder. If other
children should be born unto Mrs. Marion, the remainder
now vested in Mrs. Fishburne would open so as to embrace
such children. If Mrs. Fishburne should die leaving no
children, her vested interest would not revert to the estate
of Mrs. Wilson (testatrix), but would descend to her (Mrs.
Fishburne's) heirs generally, and be subject to distribution
under the statute, just as any other property of which she
might die seised and possessed. If, however, she should die
leaving children at the time of her death, they would take,
by substitution or executory devise, the interest which she
otherwise would have taken."

In order to show that the child or children of a deceased
child did not take as contingent remaindermen by substitu-
tion, but as executory devisees, the Court thus stated the
distinction between a contingent remainder and an executory
devise:

"Much of the confusion upon the question whether the
language of a will creates an executory devise or contingent
remainder has arisen from the failure to keep clearly in mind
the marked and well defined differences in the characteristics
of the two estates. If the words of the will out of which
the contingency arises are relied upon for the purposes of
*defeating* an estate which has already become *vested,* then
this can only be done by construing them as an executory
devise. But, if the question is which of two estates *shall
become* vested, then such estates will be construed as remain-
ders, alternative or substitutional in their nature; and such
remainders are always *contingent.* Our conclusion is that
such children would take by way of executory devise and
not as contingent remaindermen."

This case clearly shows that Bettie Pearson took a vested
transmissible interest, and that the plaintiff did not take as a

contingent remainderman by way of substitution. The principles just stated are in full accord with those announced in subsequent cases. In the case of *Woodley* v. *Calhoun,* 69 S. C. 285, 48 S. E. 272, it was contended, as in this case, that the words "after her death" showed that the remainders were not vested, but contingent, on the ground that they could not vest, until the death of the life tenant, as it was uncertain until that event who of the children would be living. The Court held otherwise and quoted as follows from *Gourdin* v. *Deas,* 27 S. C. 479, 4 S. E. 64:

"It will be observed that the remainder is to the issue of Eliza C. Deas, *not* to her *surviving* issue, or to her issue *then living,* which would have been the words that most naturally would have been used if the intention had been to confine the gift to such issue only as might be *in esse,* at the time of the death of the life tenant; but, on the contrary, as we have said, the remainder is to the issue generally in such terms as import a fee simple, which was to vest *in possession* at the time of the death of the life tenant, and hence, as was said in *Rutledge* v. *Fishburne, supra,* 'necessarily all falling within the description of issue up to that time are entitled to an equal participation in the estate.' "

In *Walker* v. *Alverson,* 87 S. C. 55, 68 S. E. 966, 30 L. R. A. (N. S.) 115, the rule is thus stated:

"There is a class of cases which closely resemble, in the rules of construction applicable, the case under consideration, in which vested remainders are limited in terms which seem to import contingency; but the contingent expressions are construed to denote merely the time when the estate is to take effect in actual possession, as, for example, when an estate is limited to one 'if,' or 'when,' or 'as soon as' he attains a certain age, with a limitation over, in case he dies under the age specified, or dies under that age without issue, etc. There the words of apparent contingency are held, not to create a condition precedent to the right of enjoyment, or to denote the time when the interest shall vest, but merely

the time when enjoyment in possession shall commence, or when an estate already vested shall be divested."

Continuing, the Court also says:

"A limitation over in case of the prior devisee dying under certain circumstances, or before attaining a certain age, or in case of his dying before the life tenant, etc., is an argument in favor of the prior devisee's taking an immediately vested interest; for, as said by Tindall, C. J., in *Phipps* v. *Ackers,* 9 Clarke & Fin. 583, the limitation over 'sufficiently shows the meaning of the testator to have been that *the first devisee should take whatever interest the party claiming under the devise over is not entitled to,* which, of course, gives him the immediate interest, subject only to the chance of its being divested on a future contingency.' It shows, therefore, that the prior devisee is the preferable object of the testator's bounty, from which a presumption arises of an intention that the estate should vest in him, subject to the divesting contingency."

Having reached the conclusion that Bettie Pearson took a vested transmissible interest, which has been defeated by the happening of the contingency upon which the executory devise was to become effective, we have also arrived at the conclusion that the plaintiff is only entitled *under the will* to one-eleventh of the property. The interest to which Bettie Pearson may have been entitled, as an heir of those children who died without children, did not increase the share which was vested in her *by the provisions of the will;* and the same principle is applicable to the share which became vested in the plaintiff as executory devisee *under the will.* The property to which certain of the children became entitled, by reason of the fact that they were heirs of those children who died without children, was not given to them by the testator, but their right to it was derived from the statute of distributions. The rule is thus stated in *Brantley* v. *Bittle, 72* S. C. 179, 51 S. E. 561:

"There are no words in the will manifesting an intention to create cross-remainders between those to whom the property was devised. The shares which Eliza J. Brantley inherited from her brother and sister were not subject to the provisions of the will, and she had the right to dispose of them as she saw fit. The principles applicable in such cases are stated in *Boykin* v. *Boykin,* 21 S. C. 513; *Dickson* v. *Dickson,* 23 S. C. 216; *McGee* v. *Hall,* 26 S. C. 179, 1 S. E. 711, and *Gordon* v. *Gordon,* 32 S. C. 563, 11 S. E. 334."

See, also, *Rutledge* v. *Fishburne,* 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757.

The next question to be considered is whether there was error on the part of his Honor, the Circuit Judge, in his ruling that the plaintiff was entitled to have his rights adjusted without being compelled to await the adjudication of the other interest involved. If the only rights of the plaintiffs were those derived from the will, there might be some ground for holding that he was entitled to such an order. But there are other interests involved, affecting those of the plaintiff. There have already been two appeals in this case, and, if possible, there should not be another, until there is a final judgment, adjusting the rights of all the parties.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court, for such further proceedings as may be necessary to carry into effect the conclusions herein announced.

MR. JUSTICE HYDRICK, *concurring in the result.* Under the devise in this case, each of the children of Mary Ann Easterling took a vested remainder, subject to be divested on his dying before the life tenant, leaving a child, who in that event, by the terms of the will, was to take *by substitution* in place of the deceased parent. *Wilson* v. *McJunkin,* 32 S. C. Eq (11 Rich. Eq.) 527; *Brown* v. *McCall,* 44 S. C. 519, 22 S. E. 823; *Tindal* v.

*Neal,* 59 S. C. 11, 36 S. E. 1004.   Therefore the limitation to plaintiff is what is called an alternative remainder, and not an executory devise.

So far as this case is concerned, it makes no difference whether plaintiff takes by way of remainder or executory devise, because the result is the same either way.   But, if the limitation in this case be held to be an executory devise, even though unnecessary to the decision, it may mislead the bar and the Circuit bench, when called upon to construe the same or a similar limitation in a deed, and result in injustice being done some client or litigant, because a limitation which can take effect only as an executory devise would be void in a conveyance at common law.   Fearne on Rem. 386; *Mangum* v. *Piester,* 16 S. C. 317, 325.

The rule is that an estate is never allowed to inure by way of executory devise, if it can take effect as a remainder.   At page 393, Fearne quotes Lord Kenyon to .the effect that: "If ever there existed a rule respecting executory devises, which had uniformly prevailed without any exception to the contrary, it was that which was laid down by Lord Hale in the case of *Purefoy* v. *Rogers,* that where a contingency is limited to depend on an estate of freehold, which is capable of supporting a remainder, it shall never be construed to be an executory devise, but a contingent remainder only, and not otherwise."

Now, in this case, Mary Ann Easterling had an estate of freehold capable of supporting the remainder to her children, and the plaintiff takes by substitution in place of his mother the remainder which she would have taken, had she survived the life tenant.   Such limitations as this are frequently found in common law deeds, and they violate no rule of the common law.   Similar limitations have been sustained by this Court in both wills and deeds as remainders, alternative or substitutionary.   *Smith* v. *Clinkscales,* 102 S. C. 227, 85 S. E. 1064; *Brown* v. *McCall,* 44 S. C. 519, 22 S. E. 823; *Kersh* v. *Yongue,* 28 S. C. Eq (7 Rich. Eq.) 100;

*Folk* v. *Varn,* 30 S. C. Eq. (9 Rich. Eq.) 303; *Clark* v. *Clark,* 19 S. C. 350; *Gourdin* v. *Deas,* 27 S. C. 479, 4 S. E. 64.

There is but one case in our Reports, besides the one now under consideration, in which such a limitation has been held to be an executory devise, and that is *Rutledge* v. *Fishburne,* 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757; but there, as here, it was unnecessary to the decision.

MESSRS. JUSTICES WATTS and FRASER concur in the opinion of MR. JUSTICE HYDRICK.

MR. JUSTICE GAGE, *also concurring in result.* I have not examined all the cases in our Reports; but I concur that in the instant case the limitation created a remainder, and not an executory devise.

A petition for rehearing being filed, the following order was made

PER CURIAM. It is made as plain in the opinion of the Court as language can make it that the plaintiff, Harris P. Pearson, takes *under the will* by substitution in place of his mother and that he takes also by inheritance from and through his mother *under the statute of distributions* from those children of the life tenant who died without leaving a child and without having disposed of their share.

The petition is, therefore, dismissed.