## 10389

### HOME BANK OF LEXINGTON v. FOX *ET AL.*, INTERVENERS.

(102 S. E. 643.)

1. EXECUTION—NO LEVY ON CONTINGENT INTEREST UNDER TRUST.—Execution cannot be levied on a contingent interest of the debtor under a testamentary trust.

2. DEEDS—WHERE GIFT IS TO CLASS ONLY THOSE WITHIN IT CAN TAKE.—Where a gift is to a class, only those falling within the class can take.

3 DEEDS—CHILDREN OF BENEFICIARY OF TRUST HELD NOT TO HAVE VESTED INTEREST.—Where land was conveyed in trust for the grantor's son and his wife with directions that at the death of both, the property should be conveyed to the lawful children of the son freed from all trust, but in event any children should die leaving issue such issue should take, with further provisions that on the death of the son his wife should take, a child did not acquire a vested interest on the death of his father.

Before MAULDIN, Lexington, Spring term, 1919. Reversed.

Action by the Home Bank of Lexington against Alfred J. Fox, in which Ella V. Fox and others intervened. From a judgment for plaintiff, interveners appeal.

*Messrs. J. William Thurmond* and *Efird & Carroll,* for appellants, submit: *It is well established in this State that so long as there is any act for the trustee to perform the fee remains in the trustee, and so long as the fee is in the trustee the statute of uses does not execute the trust:* 24 S. C. 304, 313; 29 S. C. 135-136; 23 S. C. 291, 295; 32 S. C. 72, 76; 61 S. C. 243, 249; 36 S. C. 100, 108. *The estate created in the lands by the trust deed is to a class and the time has not arrived for the class to take any interest in the premises:* 44 S. C. 521; 109 S. C. 452; 39 S. C. 131. *The trust is active and is for the benefit of several persons and the interest of one such person is not the subject of levy and sale at common law, and the common law has not been modified in this respect:* Civil Code, sec. 3697; 16 S. C. 545; 82 S. C. 541; 1 Hill Law 412; 106 S. C. 245.

*Messrs. Timmerman, Graham & Callison,* for respondent, submit: *Alfred J. Fox took a vested remainder in the property described in the trust deed immediately upon the execution of the deed:* 4 Kent's Comp., p. 202. *In case of a gift to a class all of the class need not be in existence in order that the remainder may be vested in any:* 28 S. C. 125; 12 S. C. 168; 4 Kent's Com. 203. *Alfred J. Fox did not take a contingent remainder in this property as contended for by appellants, because he was living at the time of the execution and delivery of the deed and was ready to take possession of the property upon the death of the life tenants:* Williams on Real Property, 17th Edition, p. 415; 12 S. C. 172; 27 S. C. 479; 24 S. C. 305. *The mere fact that power was given to the trustee to sell on the request of the life tenants, and to use the proceeds does not make the interest of the remainderman contingent:* 48 N. E. 94; 168 Ill. 214; 198 Ill. 144; 64 N. E. 267; 171 Ill. 275; 49 N. E. 543; 65 N. E. 81; 198 Ill. 414; 4 Kent's Comm. 228. *A power of maintenance tends to show an intent to have the title vest:* 17 Ch. D. 44; 16 Ch. D. 44; 22 B. D. 18; 1 Ch. D. 44; 68 Me. 318; 57 Ark. 396; 33 Ohio St. 128; 8 Oregon 118. *The interest of Alfred J. Fox was subject to levy and sale by the sheriff:* 17 Cyc. 983; 1 Bailey 307; Code of Civil Procedure, sec. 289; Code of 1912, vol. I, sec. 3697; Code of Civil Procedure, sec. 292; 16 S. C. 546. *The rule in Shelley's case has no application:* 24 S. C. 304; 42 S. C. 347; 39 S. C. 133; 28 S. C. 487; 27 S. C. 497; 1 Bailey 307; 17 Cyc. 983.

March 29, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

John Fox conveyed certain property to A. J. Norris, upon the following trusts:

"In trust, nevertheless, for the use, benefit, and behoof of my son, John Jesse Fox, and his wife and children, the estate conveyed and the rents, issues, and profits and interest

thereon not to be in any manner subject to the debts or liabilities of the said John J. Fox. The cash amount herein conveyed is to be invested by the said trustee in good, safe securities and reinvested from time to time as occasion may require. The said John J. Fox and his wife, Ella V., are to be permitted to use and occupy said lands and to receive and appropriate the rents, issues, and profits arising therefrom and from the cash amount of seven hundred and sixty-seven dollars herein. conveyed to the support of themselves and children and to the education of their children during the term of their joint lives and during the life of the survivor of them. After the death of the said John J. Fox and his wife, Ella V., the trust estate herein mentioned is to be conveyed and paid over by the trustee to the lawful children of the said John J. Fox, freed from all trust; if any of their children die before that time leaving child or children then living, such child or children to take the parent's share. If the said Ella V. should survive the said John J. Fox and marry again, then upon her second marriage the trust estate herein is to be conveyed by the said trustee to the lawful children of the said John J. Fox freed from all trust. If any of his children die before that time leaving a child or children then living, such a child or children to take the parent's share.

"The said trustee is hereby authorized and empowered, with the consent in writing of the said John J. Fox and his wife, Ella V., or the survivor of them, if he is satisfied that the same will be to the advantage, to sell any or all of the real estate herein conveyed to him and reinvest the proceeds arising from such sale in other real estate more suitable for the needs of the said John J. Fox and his wife and children, such substituted real estate to be held by the said trustee upon the same conditions as the lands herein conveyed. The said trustee is hereby authorized, with the consent of the said John J. Fox and his wife, Ella V., or the survivor

of them in writing, to invest the cash amount herein conveyed to him in some suitable real estate and hold the same for them subject to the same trust conditions and limitations as are stipulated herein conveyed to him."

John J. Fox died, leaving his widow, Mrs. Ella V. Fox, his children, Alfred J. Fox, Mrs. Emily Fox Wingard, James H. Fox, John S. Fox, and Miss Beulah Fox. Miss Beulah Fox has died since her father, without issue and unmarried. Mrs. Ella V. Fox is still living.

Alfred J. Fox became indebted to the plaintiff bank and went away from the State. The bank obtained a judgment against him and undertook to attach the interest of Alfred J. Fox in the trust property and sell it to satisfy the judgment. Mrs. Ella V. Fox and her other living children intervened and set up that the interest of Alfred J. Fox was a contingent interest, and not subject to attachment, levy, and sale. On the trial of the case in the Court of Common Pleas, it was correctly held that, if the interest of Alfred J. Fox was a contingent interest, then it was not subject to attachment, levy, and sale, but that, if said interest was vested, then it was. The Court held that Alfred J. Fox took a vested, and not a contingent, interest, and it was subject to attachment, levy, and sale. From this latter holding this appeal is taken.

The cases upon this subject are too numerous to be the subject of review, even if it would be profitable, but it would not.

The case of *Faber v. Police,* 10 S. C. 387, is relied upon to sustain the holding that Alfred J. Fox took a vested remainder, and the citation there is as follows: "According to the elementary writers a vested remainder is one which is limited to an ascertained person in being, whose right to the estate is fixed and certain, and does not depend upon the happenings of any future event, but whose enjoyment in possession is postponed to some future time.

A contingent remainder, on the other hand, is one which is limited to a person not being or not ascertained, or, if limited to an ascertained person, it is so limited that his right to the estate depends upon some contingency in the future.   So that the most marked distinction between the two kinds of remainders is that in one case the right to the estate is fixed and certain, though the right to the possession is deferred to some future period; while in the other the right to the estate as well as the right to the possession of such estate is not only deferred to a future period, but is dependent upon the happenings of some future contingency."

A careful comparison between the provisions of this deed and the citations from *Faber v. Police* will show that the citation does not sustain the holding.

If Alfred J. Fox shall marry and die without issue, then at his mother's death, in the first instance, the property is to be divided among the children of John J. Fox.   The wife of Alfred J. Fox would take nothing.   If the remainder were a vested remainder, then his widow would have taken. Except for a subsequent provision, his issue could take nothing.   The subsequent provision is there and substituted, not the "heirs," but "issue" of Alfred J. Fox.   The rule is that, where the gift is to a class, then only those who come within the class can take.   This rule is too well known to demand the citation of authority.   The language here is plain:

"After the death of John J. Fox and his wife, Ella V., the trust estate herein mentioned *is to be conveyed and paid over by the trustee to the lawful children of the said John J. Fox, freed from all trusts.*"   (Italics ours.)—only substituting issue for a deceased child.   It is said that there was a present enjoyment by the children.   The income was to be paid to John J. Fox and Ella V. Fox or the survivor, and not to the children.   The enjoyment of the children was indirect only.   The object of the trust was his son and his family, and, after that object had been accomplished, then the estate

was turned loose to the children, with a substitution of the child or children of a deceased child for its parent at the time of distribution. The interest of Alfred J. Fox is clearly contingent upon his survival of both John J. and Ella V. Fox, and Ella V. is still alive. The interest is contingent and not the subject of levy and sale.

Judgment is reversed.

MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. JUSTICE GAGE. I concur in the leading opinion; but I am not to be understood as holding that the contingent estate of Alfred is out of the reach of his creditors in a proper forum. *Rice v. Burnett,* Speer's Eq. 587, 42 Am. Dec. 336; Pomeroy's Eq., sec. 1285, *et seq.*

MR. CHIEF JUSTICE GARY, *concurring.* Alfred J. Fox took a vested remainder, with the right of possession postponed, until the death of the surviving life tenant. His vested remainder was subject to be defeated by his death, prior to that of the surviving life tenant leaving child or children who would take his share by substitution. *Gourdin v. Deas,* 27 S. C. 479, 4 S. E. 64; *Woodley v. Calhoun,* 69 S. C. 285, 48 S. E. 272; *Pearson v. Easterling,* 107 S. C. 265, 92 S. E. 619, Ann. Cas. 1918d, 980. The interest of Alfred J. Fox was not subject to execution. *White v. Kavanagh,* 8 Rich. 377; *Bristow v. McCall,* 16 S. C. 545.