## 8207

### TINDAL v. RICHBOURG.

WILLS—EXECUTORY DEVISE—LIMITATION OF ESTATES.—Under a will devising lands to A. for life and at her death to be equally divided among my children, B., C. and D., "if they be living, and if they or either of them be dead to the child or children of the deceased one in like proportion as the parent would have inherited had they been living," a grandchild of testator, born during the life of the life tenant, upon death of its parent during the life of the life tenant, takes the interest its parent would have taken if she had survived the life tenant, by way of executory devise, and this interest

passes by the deed of the grandchild although she also predeceased the life tenant leaving children surviving.

MR. JUSTICE FRASER, MR. JUSTICE WOODS *concurring, dissents.*

Before SHIPP, J., Clarendon.    Reversed.

Action by Alexander Tindal *et al.* against Willie A. Richbourg *et al.*    Defendant J. H. Rigby appeals.

*Messrs. Davis & Weinberg,* for appellants, cite: 16 S. C. 227, 290; 20 S. C. 318; 21 S. C. 529; 12 S. C. 172; 15 S. C. 432; 16 S. C. 220; 17 S. C. 53; 23 S. C. 225; 26 S. C. 462.

*Mr. Charlton DuRant,* contra, cites: 16 S. C. 228; 24 S. C. 314; 1 McC. 7; 2 McC. 256, 411; 1 Hill Ch. 311; 15 Strob. Eq. 283; 4 Strob. Eq. 15; 4 Rich. Eq. 346; 5 Rich. Eq. 30; 7 Rich. Eq. 125; 9 Rich. Eq. 470; 19 S. C. 350; 25 S. C. 361, 292; 24 S. C. 314; 23 S. C. 224; 2 Strob. Eq. 51; Rich. Eq. 464.

May 15, 1912.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.    This is an action for partition, and involves the construction of a will.

On the 28th of April, 1902, Amzi Tindal departed this life, leaving in full force and effect his last will and testament, which contained these provisions: "I give, devise and bequeath all of my property, both real and personal of whatsoever kind, that I am now or may be at the time of my decease 'possessed,' to my beloved wife, Winnie Tindal, for her sole use and benefit, during her natural life.

2. "That after the death of my wife, Winnie Tindal, I desire that all of the property, both real and personal, not used by executors hereinafter named, for the support and maintenance of my wife, the said Winnie Tindal, be equally

divided among my three children, Alexander A. Tindal, Alvina Richbourg and Ladson Tindal, if they be living, and if they or either of them should be dead, to the child or children of the deceased one, in like proportion as the parent would have inherited, had they been living."

Winnie Tindal, wife of the testator, died on the 25th of November, 1910. Alexander A. Tindal and Ladson Tindal, children of the testator, survived their mother, Winnie Tindal. Alvina Richbourg, daughter of the testator, died prior to the death of her mother, Winnie Tindal, to wit, in 1907, leaving, among other children, her daughter, Mattie, who had married a man by the name of Montgomery. Mattie Montgomery departed this life in 1909, leaving her husband and three children, who are also claiming an interest under the will.

On the 17th of November, 1908, Mattie Montgomery conveyed to J. H. Rigby her entire interest under the will.

The sole question in the case is, whether his Honor, the Circuit Judge, properly construed the will of Amzi Tindal, in holding that Mattie Montgomery, took no interest under the will, and therefore that J. H. Rigby had none.

My construction of the will is, that the testator gave and devised the said land, unto his wife, Winnie Tindal, for and during the term of her natural life, and at her death, to be equally divided among his three children, Alexander A. Tindal, Alvina Richbourg and Ladson Tindal, the child or children of a deceased child to take the share his or their parent would have taken.

In the case of *Brown* v. *McCall*, 44 S. C. 503, 22 S. E. 823, that great jurist, Mr. Chief Justice McIver, delivered an exceedingly able opinion, in which he announced the doctrine that governs this case. In that case, a tract of land was settled by the court of equity upon a married woman, by directing the conveyance of the land to a trustee, to hold in trust for her for life and then for her present husband for life, and after the death of the survivor, to the use of

her children by her first husband, the issue of a deceased child taking, by representation, the parent's share, and the other half to her issue by her second husband, the issue of a deceased child taking, by representation, the parent's share.

The Court held that "the children took vested transmissible interests, and that the shares of such of them, as died before the surviving life tenant, passed to their vendee or heirs at law, provided they left no issue; but if they left issue, who survived the life tenants, then their shares could not be claimed by their vendees or heirs at law, but were divested by the express terms of the deed, and vested in such their issue."

In the case of *Rutledge* v. *Fishburne,* 66 S. C. 155, 44 S. E. 564, the Court had under consideration the construction of a will, in which there was a devise to a certain person for life, with remainder to her children, share and share alike, the child or children of a deceased child, to represent and take the parent's share, and it was held that these words created, a vested transmissible interest in remainder, to the child of the life tenant, and that children born to her during the life of the life tenant, took by way of executory devise. The Court used this language: "Much of the confusion upon the question, whether the language of a will, creates an executory devise or contingent remainder, has arisen from the failure to keep clearly in mind, the marked and well defined differences, in the characteristics of the two estates.   If the words of the will, out of which the contingency arises, are relied upon for the purpose of *defeating* an estate, which has already become *vested,* then this can only be done by construing them as an executory devise. But if the question is, which of the two estates *shall become vested,* then such estates will be construed as remainders, alternative or substitutional in their nature; and such remainders are always *contingent.*   Our conclusion is, that

such children would take by way of executory devise, and not as contingent remaindermen."

These principles are sustained by the cases of *Woodley* v. *Calhoun,* 69 S. C. 285, 48 S. E. 272, and *Brantley* v. *Bittle.* 72 S. C. 179, 51 S. E. 561.

The judgment of the Circuit Court is reversed.

MESSRS. JUSTICES HYDRICK *and* WATTS *concur in this opinion.*

MR. JUSTICE FRASER, *dissenting.* This is a suit for partition.

Amzi Tindal made his will and died in 1902. By his will he devised and bequeathed his property to his wife for life, and by the second clause provided: "After the death of my wife, Winnie Tindal, I desire that all the property * * * be equally divided among my three children, Alexander A. Tindal, Alvina Richbourg and Ladson Tindal, if they be living, and if they or either of them be dead, the child or children of the deceased one in like proportions as the parent would have inherited had they been living."

Alvina died before the life tenant, leaving children, two of whom died before the life tenant.

The statement in the case is as follows: Amzi Tindal died April 28, 1902; Winnie Tindal, the widow, died 25th November, 1910; Alvina Richbourg, daughter of Amzi and Winnie Tindal, died in 1907; Lilly Ida Sumter, a daughter. of Alvina, died in 1908; Mattie Montgomery, another daughter of Alvina, died in 1909; Lilly Ida Sumter left children; Mattie Montgomery left children, but conveyed her interest, if she had any, to the appellant.

The referee held that the children of Lilly Ida Sumter did not take, but that the grantee of Mattie Montgomery did. His Honor, Judge Shipp, who tried the cause, modified the master's finding and held: "I hold that under the second clause of the will only such children of Alvina Rich-

bourg as were living at the time of the death of the life tenant, Winnie Tindal, took anything of the one-third part that would have gone to Alvina had she been living. There were only four such children living at that time, namely, Willie A. Richbourg, John L. Richbourg, Joshua Richbourg and Joseph Richbourg. Except as above modified I think the referee has reached the correct conclusion. It will follow that J. H. Rigby can take nothing by reason of his conveyance from Mattie Montgomery."

The following are the exceptions:

1. "That his Honor erred, it is respectfully submitted, in holding that under the second clause of the will of Amzi Tindal only those children of Alvina who were living at the death of the life tenant, Winnie, could take and should have sustained the finding of the referee that, notwithstanding Mattie Montgomery was dead at the falling in of the life estate, her grantee was entitled to her interest therein.

2. "That his Honor erred in holding that the appellant, J. H. Rigby, took no interest by virtue of his conveyance from Mattie Montgomery, and in reversing the finding and conclusion of the referee that he did."

It is a well settled rule applied here to the exclusion of the children of Lilly Ida Sumter, that children means immediate offspring, unless there is something in the will to show that it has a broader meaning.

If Alvina had conveyed her interest in the land, no one would have contended that the conveyance would have been affective, because the will says: "If they be living, and if they or either of them be dead, to the child or children of the deceased one."

There is no other provision by which this provision is to be explained, and the provision made must govern. The contingency provided for was the death of one or more of the children of Amzi. Then the interest of the deceased was to go to his or her children. Alvina died before the life

tenant, and, under the express provision of the will, her interest went to her children.

It will be observed that there is no limitation to children or issue of deceased children, as in other cases. Those cases in which these words occur do not apply. The simple question here is, who are included in the term "children?"

*Ruff* v. *Rutherford,* Bailey's Eq., page 9: "I am aware that there are cases, in which grandchildren have been permitted to take under bequests to children, but this has never been done except where there were no children, or there were very strong and conclusive circumstances to show that such was the intention of the testator."

*Mathis* v. *Hammond,* 6 Rich. Eq. 401-402: "Children, in its primary and ordinary sense, means the legitimate descendants of the first generation of the person named, and where there is nothing to show that the donor intended to use the term in a different sense, it will not include illegitimate offspring or stepchildren or grandchildren or more remote descendants. Remoter descendants are sometimes permitted to take under an enlarged sense of the term children, in support of the intention of the testator, where the will would be otherwise inoperative or where the context, by the employment of the terms 'issue' or 'descendants' promiscuously with children, exhibits the intention of testator to use the term children in a secondary and liberal sense. Such liberal construction of the term children is never made, except for the benefit of the issue of children or from the force of the context (citing authorities). It is not made when persons exist who accurately fulfill the terms of description." See also *Connor* v. *Johnson,* 2 Hill Ch., page 41, and *Wessenger* v. *Hunt,* 9 Rich. Eq. 459.

*Shanks* v. *Miles,* 25 S. C., page 362: "The rule is that while any of the class remain they take the whole interest, excluding the representatives of any of the class who may have died before the time indicated for distribution."

*Hayne* v. *Irvine*, 25 S. C. 292: "All who answer the description at the time of the distribution are the parties alone entitled."

Here those who fill the description exist, and there is nothing in the context to extend the term.

We see no error in the construction placed upon the will by the Circuit Judge. The two exceptions raise only one question, and they should be overruled.

For these reasons, I think the judgment of the Circuit Court should be affirmed.

MR. JUSTICE WOODS *concurs in this opinion.*