## 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### FITZGIBBON v. BARRY, &c.

March 27, 1884.

1. EQUITABLE JURISDICTION AND RELIEF—*Practice—Practice—Parties—General Rule.*—All persons beneficially interested in the object of the suit must, as a general rule, be made parties, and this rule applies to suits for the appointment of new trustees.

2. IDEM—*Idem—Idem—Exception.*—But it is necessary in no case to make those persons parties who are entitled only to future and uncertain and contingent interests.

3. IDEM—*Parties—Case at bar.*—W, of weak mind and dissipated, but not *non compos*, conveyed to F property upon trust, to support grantor out of rents and profits until death or marriage; if married, living W to support himself and wife and their issue; if marriage dissolved by death of wife, or otherwise, to support himself and the issue of the marriage; if marriage dissolved by W's death, living wife, to support wife and the issue, during wife's life; if W survived wife, upon his death, or if he died before wife, upon her death to convey the property to such persons as W should appoint by will, and in default of appointment, to the issue of the marriage then living; if W should not marry, or having married, should die without issue living at his death, upon his death, or the death of his wife, should she survive him, to convey the property to such persons as W should appoint by will; and in default of appointment, to B and her heirs, &c. In suit to substitute new trustee in lieu of F, W was made a party, and answered both in person and by guardian *ad litem*, though his mind was better then than when conveyance was made.

HELD (*Hinton and Fauntleroy, J's, dissenting*):

It was unnecessary to make B a party to the suit, her interest being future and very uncertain and contingent.

Appeal from decree of corporation court of Norfolk city rendered June 11th, 1881, in the consolidated causes of M. Fitzgibbon, &c. v. Charles W. Wills, &c., and W. H. Bur-

roughs, trustee, &c. v. Thomas M. Wills, &c , and Mary M. Barry, by her next friend, &c. v. Maurice Fitzgibbon, &c.

That decree adjudged that the decree pronounced May 21st, 1872, in the first of the above-named causes, substituting W. H. Burroughs as trustee in the deed of C. W. Wills, dated September 26th, 1867, in the place of Maurice Fitzgibbon, and all other proceedings had therein, were and are null and void as to Mrs. Mary M. Barry, the wife of James E. Barry; and that upon the death of C. W. Wills, March 13th, 1879, Mrs. Barry became entitled to the trust subject of said deed, and that Maurice Fitzgibbon is liable to account to her for said trust subject which came under his control; and that it appearing that the value of said trust subject is $16,550.76, with interest on $15,861.80 from September 4th, 1879, Mrs. Barry recover of Maurice Fitzgibbon that sum with its interest and the costs of her suit. From this decree Fitzgibbon appealed.

These were the facts: Charles W. Wills, who was not an imbecile nor a lunatic, but of weak mind and dissipated, and just arrived at his majority, conveyed, September 26th, 1867, to Maurice Fitzgibbon, trustee, certain property on specified trusts. The opinion of the court recites the only provision of the deed that is essential to the case here. This trustee held and managed the property until May 21st, 1872, when he brought suit for relief from the trust and for substitution of another trustee in his stead.

To this suit Mary M. Barry, the appellee here, who was a beneficiary under the said deed, was not made a party. Charles W. Wills and W. H. Burroughs, the person proposed to be substituted as trustee, were made parties to the bill, and answered, the said Wills both in person and by *guardian ad litem*. The mental condition of Wills was at this time better than at the time the deed was executed. On May 21st, 1872, a decree was entered removing Fitzgibbon and appointing Burroughs in his stead as trustee; and the

latter received from the former all the property in his hands as trustee.

The said Wills was never married, but died on March 13, 1879, without having executed the power of appointment under the said deed. The trustee Burroughs then brought suit in the corporation court of Norfolk to determine who was entitled to the trust subject. To this suit Mrs. Barry and her husband and Thomas M. Wills, a brother of the deceased, were made parties and answered the bill. The cause was removed from the corporation court of Norfolk to the corporation court of Portsmouth, and the latter court, by decree of October 11th, 1879, held that upon the death of Charles W. Wills, intestate, unmarried and without issue, the property passed to Mary M. Barry, and ordered the plaintiff Burroughs to pay over and transfer the same to her. Burroughs having wasted the trust subject, and being insolvent, failed to comply with this decree, and thereupon Mrs. Barry filed an amended answer in the cause, alleging that when her original answer was filed she had not seen the bill, and was not aware of the statement therein, that the said Burroughs had been substituted as trustee in the place of Fitzgibbon, and denying all knowledge of the suit for the substitution of the said trustee, and of the proceedings therein, until after the decree of October 11th, 1879, in the last named suit. On the 4th day of March, 1880, the corporation court of Portsmouth entered a decree revoking the decree of October 11th, 1879, and remanding the cause to the corporation court of Norfolk. On the 3d day of May, 1880, Mary M. Barry filed a bill against Maurice Fitzgibbon and W. H. Burroughs, charging that she was not a party to the suit of Fitzgibbon v. Wills and als., in which the said Burroughs had been substituted as trustee in the place of the said Fitzgibbon, and that the decree therein of May 21st, 1872, making such substitution was therefore of no effect to relieve the said Fitzgibbon from

o

his responsibility to her as trustee, and that the decree and all the proceedings in the said suit were utterly void as to her, and praying that the said Fitzgibbon might be held to account to her for the whole of the trust subject delivered to the said Burroughs under the said decree. This is the only ground of relief which it is necessary to notice in the view taken of the case in this court.

*Harmanson & Heath, Ellis V. Thom, R. B. Tunstall,* for the appellants.

*Walke & Old* and *White & Garnett,* for the appellees.

1. Mrs. Barry a necessary party. Acts of Assembly, 1874–5, p. 423; Code 1873, pp. 1025, 931, 891; *Dunscomb* v. *Same,* 2 H. & M. 11; *Lee* v. *Randolph,* 2 H. & M. 12; *Pate* v. *McClure,* 4 Rand. 164; *Collins* v. *Loftus & Co.,* 10 Leigh, 9, 10; *Commonwealth* v. *Ricks,* 1 Gratt. 416; *Richardson* v. *Davis,* 21 Gratt. 706–9–10; *Mayo* v. *Tomkins,* 6 Munf. 520–7; Hill on Trustees, §§ 195, 310; 1 Perry on Trusts, §§ 282, 875–6; Adam's Equity, § 38; *ex parte* Tunis, 1 Bail Equity, 397; *Jones* v. *Stockett,* 2 Bland's Ch'y Rep. 435; *Hartman's Appeal,* 90 Penn. 203; 4 Minor's Inst., Part 1, p. 1244 (3d ed.); *Drane* v. *Gunter,* 19 Ala. 731, 733; 4 DeG. F. & J. 423, Shepperd's Trusts.

2. Doctrine of representation. *Richardson* v. *Davis, &c.,* 21 Gratt. 706–9–10; *Collins* v. *Loftus, &c.,* 10 Leigh, 5; *Commonwealth* v. *Ricks, &c.,* 1 Gratt. 416; *Clark* v. *Long,* 4 Rand. 451; *Monarque* v. *Monarque,* 80 N. Y. 320; Calvert on Parties, 17 Law Library, p. 29.

3. Imbecile cannot represent. 1 Daniel's Ch. Pr. 265.

And the Virginia decisions of Baylor v. DeJarnett and Faulkner v. Davis recognize *capable* representative capacity as a *necessary* ingredient in the doctrine of representation.

4. Estoppel. Bigelow on Estoppel, 369, 473, 480, 506;

*Graham* v. *Austin,* 2 Gratt. 273; *Lowell* v. *Daniel,* 2 Gray, 151–8; *Smith* v. *French,* 2 Atk. 243; *Glidden* v. *Strapler,* 52 Penn. 400; *Drury* v. *Foster,* 2 Wall. 24; *Jackson* v. *Vanderheyden,* 17 Johns. 166; *Elliott* v. *Pinsal,* 1 Pet. 338; *Browne* v. *Lambert's Adm'r, &c.,* 33 Gratt. 265.

5. Effect of order of court on Fitzgibbon's responsibility not exempting him from such. *Crickard* v. *Crickard,* 25 Gratt. 410–20, 223; *Campbell* v. *Campbell,* 22 Gratt. 649, 682, 686; *Kirby* v. *Goodykoontz,* 26 Gratt. 298, 302–3; *Crawford* v. *Shafer,* 29 Gratt. 80, 81; *Carter* v. *Dulany,* 30 Gratt. 197; *Richardson* v. *Davis,* 21 Gratt. 706.

Hill, Perry, Adams and other text writers, in laying down the doctrine that all the *cestuis que trust* must be made parties, necessarily hold that if not made parties the proceeding is defective and they are not bound.

The Virginia statute on the subject of the appointment of trustee by motion, requiring all the *cestuis que trust* to be notified, means the same thing. And when the appointment is made by suit, of course the same requirement holds, the proceeding by motion introducing no new principle on the subject, but merely affording an expeditious means in certain cases of appointing a trustee.

LEWIS, P., delivered the opinion of the court.

After stating the facts, he proceeded:

The case turns on the validity and effect of the order of the corporation court of Norfolk, entered on the 21st day of May, 1872. The sole object of the suit in which it was entered was to substitute in the place of the plaintiff, the appellant here, W. H. Burroughs, as trustee in the trust deed of September 26, 1867. But to that suit, Mrs. Barry, a beneficiary in the deed, and one of the appellees, was not a party; and the question is, whether she was bound thereby.

It is an undisputed general rule in equity, and applies to suits for the appointment of new trustees, that all persons beneficially interested in the object of the suit must be made parties. Hill on Trustees, § 195. But it has been said to be a rule chiefly of convenience, not founded on any general principle, and subject to qualifications. Judge Story says it is a rule which does not admit of being expounded by the application of any universal theorem as a test; that it is founded partly in artificial reasoning, partly in the solicitude of courts of equity to suppress multifarious litigation, and partly in the dictates of natural justice, that the rights of persons ought not to be affected in any suit without giving them the right to defend them. Story's Eq. Pl. § 76, c. In Calvert on Parties, p. 19 (17 Law Libr. 12), it is said that the rule " is founded upon the advantage which all persons interested will derive from the completeness of the decree; or, in other words, it is founded upon convenience; and the same principle guides courts of equity in their mode of putting the rule into operation, as they never allow it to produce any inconvenience which can safely be avoided." *Wiser* v. *Blachly*, 1 Johns. Chy. 437. It has been held in some of the States to be in the discretion of the court, in a proceeding simply for the appointment of a trustee, when security for the faithful performance of the trust is required, as to whom notice shall be given. And in no case, says Prof. Minor, is it necessary to make those persons parties who are entitled " only to future and very uncertain and contingent interests." 4 Insts. Pt. II, p. 1246 (2d ed.).

An important enquiry, therefore, is as to the interest of Mrs. Barry under the deed in question. By that deed Chas. W. Wills conveyed to the appellant, as trustee, certain real and personal property, for the uses and purposes therein set out. It was directed that out of the rents and profits the grantor should be provided a suitable maintenance and

support; and then, by subsequent clauses of the deed, it was provided as follows : " That the said uses and trusts in relation to the application of the said rents and profits, issues and interest, continues until the marriage or death of the said Chas. W. Wills, whichever event may first happen, and then that same be modified as follows, to-wit: That if the said Chas. W. Wills marry, then, upon his marriage, the said Maurice Fitzgibbon (the trustee) do hold the said property, and any property which may hereafter be acquired by him in the execution of the trusts of this deed, in trust for the proper maintenance and support of the said Chas. W. Wills and his wife and their issue during the coverture, due regard being had to their state and condition. That if the said coverture be determined by the death of the wife or otherwise, in the lifetime of the said Chas. W. Wills, then in trust for such maintenance and support of the said Chas. W. Wills and his lawful issue, for and during the life of the said Chas. W. Wills. That if the said coverture be determined by the death of the said Chas. W. Wills, then in trust for such maintenance and support of the wife of the said Chas. W. and his lawful issue during the life of the said wife; then, if the said Chas. W. Wills survive his said wife, then upon his death, or if he predecease his said wife, then upon her death, in trust, to convey the said property to such person or persons as he, the said Chas. W. Wills, may by his last will and testament direct and appoint, and in default of such appointment to the issue of the said marriage, if any, that may be then living; such issue to take according to the provisions of the law of descents and distributions of the State of Virginia. That if the said Chas. W. Wills do not marry, then upon his death, or if having married he die without issue living at his death, then, upon his death, or upon the death of his wife if she survive him, in trust to convey the said property to such person or persons as he, the said.

Chas. W. Wills, may by his last will and testament direct and appoint; and in default of such appointment, to Mary M., the wife of James E. Barry, her heirs, personal representatives and assigns."

It will thus be seen that Mrs. Barry's interest was not a vested interest, but was subject to be defeated by the happening of any one of several contingencies, namely, in the event of Wills' marriage and birth of issue, and also in the event of his exercising the power of appointment reserved in the deed.

Then, the question is, was Mrs. Barry a necessary party to the suit in question? Under the circumstances, it would seem strange if she was. For why make her a party when already there was a party before the court with ample power to defeat her interest, and who, *non constat,* would not have defeated it before she could have been brought into the suit? Surely, if that party were competent to defeat, he was competent to protect her interest; and rules "founded upon convenience" do not require the doing of a nugatory act. But it is said that Wills was an imbecile, and incapable of performing any valid legal act. That he was a dissipated young man, and, in consequence, weak-minded, there can be no doubt. His weakness of mind was alleged in the bill, and the allegation must be taken as true. The plaintiff, however, acted in good faith, and it was doubtless out of abundant caution that a guardian *ad litem* was appointed, who answered the bill, as also did Wills himself. But it does not follow, nor is it shown by the record, that he was an imbecile, or a lunatic. On the contrary, it is shown by the testimony that his mental condition at the time his answer was filed, and the order of substitution was made, was better than when the deed was executed under which the appellee is claiming. A man may be of weak mind, and yet not a lunatic, or incapable of contracting marriage or making a testamentary disposi-

tion of his property.  Such instances are of common and every day occurrence.  Courts cannot measure the size of people's capacities, nor examine into the wisdom and prudence of men in disposing of their property.  Jarman on Wills, 52.  "A man of mean understanding, yea, though he incline to the foolish, is not prohibited to make a testament."  Swinburne, 127-8, cited in *Greer* v. *Greers*, 9 Gratt. 330.

The power, therefore, of Wills to have defeated Mrs. Barry's interest, at the time the appellant was relieved of the trust, is beyond doubt.  And such being the nature of her interest, she herself could not have maintained a bill for the removal of the trustee, and so was not a necessary party to the suit.  For, to such a bill on her part, Wills would have been a necessary party defendant, and it is well settled that where the interest of the plaintiff may be barred by the defendant, a bill will not lie.  In *Lord Dursley* v. *Berkeley*, 6 Ves. 251, Lord Eldon refused to entertain a bill on the part of the remainderman to perpetuate testimony against a tenant in tail, on the ground that the plaintiff's right might be barred by the defendant. And so it is laid down in 1 Dan'l Chy. Prac. p. 317, that although a plaintiff may have a present estate or interest, yet if his interest is such that it may be barred or defeated by the act of the defendant, he cannot support a bill. Likewise, Judge Story says, in treating of bills, that it is not every interest which the court will protect, for if it be such an interest as may be immediately barred by the defendant, the court will withhold its assistance; for it would be a fruitless exercise of power.  Story's Eq. Pl. § 301.

We have carefully examined the authorities referred to by counsel for appellees, special reference being made to *Collins* v. *Loftus & Co.*, 10 Leigh, 5, and to *Richardson* v. *Davis*, 21 Gratt. 706.  They do lay down the general doctrine that in proceedings to affect the interests of *cestuis*

*que trust,* all, to be bound, must be made parties. But none of them apply to the present case. In *Collins* v. *Loftus & Co.* there was a decree against the trustees to subject the trust estate to the payment of debts, and it was held that the *cestui que trust* who was not a party to the suit, was not bound by the decree. In *Richardson* v. *Davis,* suit was brought in equity to recover the amount of a policy of life insurance by persons claiming under an assignment by the assured for their benefit, and it appearing that other persons were contingently interested in the fund by virtue of a deed of trust by which the assured had conveyed the policy to a trustee, it was held that all the *cestuis que trust* were necessary parties to the suit. In the present case it was not sought to subject the trust estate or in any way to divest the rights of the parties in interest; and, moreover, in none of the cases referred to were the *cestuis que trust* before the court competent to bar the interest of those who were not.

In the matter of Shepherd's Trusts, 4 De G. F. and J. 422, it was held that a person contingently interested in a trust fund had a *locus standi* to file a petition for the appointment of new trustees. But the interest of the petitioner was not liable to be barred by any one or more of the defendants, and, besides, the proceeding was under the trustee act of parliament of 1850. And the same may be said in respect to *Hartman's Appeal,* 90 Penn. St. 203, also relied on, which was under a statute of Pennsylvania entitled "An act for the protection of contingent interest," and can have no bearing on the present case.

It is needless to consider other questions discussed by counsel, as, for the reasons already stated, the decree must be reversed and the bill dismissed.

HINTON and FAUNTLEROY, J's, dissented.

DECREE REVERSED.