RUTLEDGE v. FISHBURNE.

1. WILLS—CONTINGENT REMAINDERS—EXECUTORS DEVISES.—A devise to "A. for life * * * with remainder to her children share and share alike the child or children of a deceased child to represent and take the parents' share." carries a vested transmissible interest in remainder to the child of the life tenant, and children born to her during the life of the life tenant take by way of executory devise.

2. PARTIES.—EXECUTORY DEVISEES not *in esse* are not necessary parties to a judicial proceeding to sell lands, where the parties holding the lands by contingent remainders are before the Court to give the purchaser at such sale a valid title; but the Court by proper order as to the proceeds may protect the interests of possible executory devisees.

Before BENET, J., Charleston, January, 1902. Affirmed.

Proceeding *in re* B. H. Rutledge, trustee, *vs.* S. H. M. Fishburne, to require F. Heinz to comply with his bid for property sold in this case. From Circuit order, purchaser, Heinz, appeals.

*Mr. Wm. Henry Parker, Jr.,* for appellant, cites: *As to the bar by deed of life tenant:* 10 S. C., 376; Rice, 459; 40 S. C., 472; 17 Stat., 430. *Possible children of Mrs. Fishburne are executory devisees:* 20 Ency., 886, 962, 921, 922;

Feame on Rem., 418; 16 S. C., 325; Tiedeman on Real P., sec. 537. *Nothing in merger of life estate to defeat possible children of remaindermen:* 15 Ency., 313; 20 Ency., 588; 28 S. C., 498; 16 S. C., 330. *Purchaser may be relieved by defectiveness of title:* 31 S. E. R., 633; 9 S. C., 288; 15 S. C., 126; 30 S. C., 234; 35 S. C., 326; 93 U. S., 424; 8 How., 548; 63 N. Y., 268; 55 N. Y., 11; 53 N. Y., 298. *Principles guiding the Court:* 8 Rich Eq., 247; 1 DeS., 382; 6 Rich. Eq., 222; 35 S. C., 317; Adams Eq., 242; 5 S. C., 450.

*Mr. T. M. Mordecai,* contra, cites: *The remainderman having a title for the life interest, held a vested interest:* Smith on R. & P. Prop., 228; 2 S. C., 68; 10 S. C., 371. *Can this vested interest be defeated by death of remainderman?* 21 Ency., 835; 20 Ency., 922. *Where purchaser knows of defects before buying, he cannot have relief:* 2 Jones on Mortg., sec. 1646; 66 N. Y., 193; 63 N. Y., 268; 15 S. C., 124; 31 S. E., 630.

April 21, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following facts are stated in the record: "Appeal in this case is from an order and decree of his Honor, Judge Benet, holding to be good and valid the title to certain premises in the city of Charleston, bid in by the purchaser, F. Heinz, at master's sale, under foreclosure in above case, and requiring the purchaser to comply with his bid. The original action was for foreclosure of a mortgage from defendant, Mrs. S. H. M. Fishburne, to the plaintiff, trustee, commenced in the county of Charleston, by the service of a summons, the 27th day of January, 1900, the complaint alleging the making and delivery to the plaintiff, trustee, by the defendant of a bond of $3,100, secured by the mortgage of defendant, Mrs. Fishburne, covering six pieces of property in the city of Charleston; amongst others a lot in St. Philip street, in said city, the title of which is in question in this appeal. The defendant filed no answer to the com-

plaint, and proceedings resulted in a decree of foreclosure and sale. Under this decree the master was directed to sell, *inter alia,* the lot of land on St. Philip street, in the city of Charleston aforesaid. This lot was bid in at master's sale (under advertisement) for the sum of $3,125 by F. Heinz, appellant herein. The master's deed was tendered in the usual form, and the purchaser refused to accept the same or to comply with his bid, alleging defect in the title. Thereupon a rule was issued requiring the purchaser to show cause why he does not comply with the terms of the sale. To this rule the purchaser made his return, which set up the following reasons why he should not be required to comply with his bid: *First.* That the interest of Mrs. Sophia H. W. Fishburne in the premises is either a contingent remainder only, such that neither her deed nor the deed of the master under foreclosure of her mortgage can make good title to a purchaser, or, at best, that her interest is a vested remainder in fee defeasible, subject to be divested by her having issue and dying in the lifetime of the life tenant, leaving issue surviving her, in which case such issue would represent her and take by substitution under the limitation in the said will, and the purchaser would have no title. *Second.* That the words, 'the child or childrе.1 of a deceased child to represent and take the parents' share' in the following clause of the will: 'unto my said daughter, Sophia Sheppard Marion, for life, not subject to the debts of her husband, with remainder to her children, share and share alike the child or children of a deceased child to represent and take the parents' share,' created an executory devise. It was referred to the master to inquire into the facts as to the title tendered, and to take testimony and report the same to the Court. Upon hearing the master's report, his Honor, the Circuit Judge, overruled the foregoing objections to the title, and ordered the appellant to comply with his bid."

The record contains also the following agreement as to facts: "The S. Sheppard Marion mentioned in the said will as Sophia Sheppard, daughter of testatrix, conveyed all her

interest in said premises by deed of conveyance in the usual form to her daughter, Helen M. Fishburne, born Marion, the said deed being dated the 23d day of May, 1896, and recorded in the register of mesne conveyance's office. Helen M. Fishburne, born Marion, also known as Sophia H. M. Fishburne, is the only child ever born to Sophia S. Marion, mentioned in said will as Sophia Sheppard, said Mrs. Marion being now alive, aged near seventy-seven years. Helen Fishburne, born Marion, only child of Sophia Sheppard Marion, mentioned in said will as Sophia Sheppard, now is forty-five years of age, has been married twenty-one years, has never had any children, her husband, Julian Fishburne, now living."

We will first state in a general way (without reference to the effect of the judicial proceedings, which will hereinafter be discussed,) our conclusion of the provision of the will by which the property is devised "unto my said daughter Sophia Sheppard Marion, for life not subject to the debts of her husband with remainder to her children, share and share alike, the child or children of a deceased child to represent and take the parents' share." It must be remembered that Mrs. Fishburne was *in esse* when Mrs. S. F. S. Wilson, the testatrix, departed this life, in 1873. Under the foregoing clause of the will, Mrs. Fishburne took a vested transmissible interest in remainder. If other children should be born unto Mrs. Marion, the remainder now vested in Mrs. Fishburne would open so as to embrace such children. If Mrs. Fishburne should die leaving no children, her vested interest would not revert to the estate of Mrs. Wilson (testatrix), but would descend to her (Mrs. Fishburne's) heirs generally, and be subject to distribution under the statute, just as any other property of which she might die seized and possessed. If, however, she should die leaving children at the time of her death, they would take, by substitution or executory devise, the interest which she otherwise would have taken.

We proceed to consider in what manner such children

would take under the will, whether as contingent remainder-men or executory devisees. In the note to page 922, 20 Ency. of Law, it is said: "The characteristics of alternative or substitutional limitations is that both are contingent, until the event occurs, which is to determine which of them is to take effect * * * This is well illustrated by the case of *Luddington* v. *King,* 9 Ld. Raynor, 203, in which the limitation was to A. for life, remainder to his male issue in fee simple, remainder over to T. B., if A. should die without male issue. These remainders are alternate, one of which alone can vest, and the vesting of one and the defeat of the other are to take place at the same time, viz: at the death of A. If the remainder to T. B. had been limited on another contingency and its vesting was to take place at some other time, or if the limitation to A.'s issue was vested, instead of being contingent, the remainder to T. B. would be a remainder limited after a fee." In *Mangum* v. *Piester,* 16 S. C., 325, the Court says: "An executory devise is a limitation by will of a future contingent interest in lands, contrary to the rules of limitation of contingent estates in conveyances at law. If the limitation by will does not depart from those rules prescribed for contingent remainders, it is, in that case, a contingent remainder and not an executory devise, 4 Kent, 265. For instance, among the rules governing contingent remainders is one which forbids an estate to be limited over to another after a fee already granted. In such case there can be no such thing as defeating the fee already granted, and transferring it to another, by way of remainder, because a remainder implies something left, which cannot be the case after the whole has been disposed of. Yet while this cannot be done by way of contingent remainder, it may be done by an executory devise which, according to the definition above, allows a departure from the rules of law governing contingent remainders. And this being an effort to create a fee after a fee, is a case of departure denied by contingent remainders but allowed by executory devises."

The following authorities throw light upon this question: 20 Ency. of Law, 835, 874, 921, and note 922, and note; Fearne on Remainders, 373, 418. In commenting on the case of *Loddington* v. *Kine,* hereinbefore mentioned, Mr. Fearne, at page 373, uses this language: "For if A. had issue male, the remainder was to vest in that issue in fee; but if A. had no issue male, then it was to vest in B. in fee; and these were limitations of which the one was not expectant upon and to take effect after the other, but were contemporary; to commence from the same period, not indeed together, but the one to take effect in lieu of the other, if that failed."

Much of the confusion upon the question whether the language of a will creates an executory devise or contingent remainder has arisen from the failure to keep clearly in mind the marked and well defined differences in the characteristics of the two estates. If the words of the will out of which the contingency arises, are relied upon for the purposes of *defeating* an estate which has already become *vested,* then this can only be done by construing them as an executory devise. But if the question is, which of two estates *shall become* vested, then such estates will be construed as remainders, alternative or substitutional in their nature; and such remainders are always *contingent.* Our conclusion is, that such children would take by way of executory devise and not as contingent remaindermen.

Having reached this conclusion, the next question that will be considered is, whether the fact that the executory devisees were not made parties to the action for foreclosure of the mortgage, presents a sufficient reason for the refusal of the purchaser to comply with his bid. This question is settled by the case of *Moseley* v. *Hankinson,* 22 S. C., 323, in which Mr. Chief Justice McIver, in behalf of the Court, uses this language: "The general rule in equity undoubtedly is that all persons who are materially interested in the subject of the suit must be made parties, but it is equally true that this rule is subject to some

exceptions; and the practical inquiry is, does this case fall within any of the exceptions? Without undertaking anything like a review of the cases, we think the authorities show that the contingent remaindermen, who were *in esse* and within the jurisdiction of the Court, were necessary parties. In Mitford's Equity Pleadings, *174, it is said: 'Contingent limitations and executory devises to persons not in being may, in like manner, be bound by a decree against a person claiming a vested estate of inheritance; but a person in being claiming under a limitation by way of executory devise, not subject to any preceding vested estate of inheritance by which it may be defeated, must be made a party to a bill affecting his rights'" (citing numerous authorities). "These authorities establish the doctrine that while, as a general rule, the contingent remaindermen are necessary parties, yet where they are not *in esse* at the time, and there is before the Court a person entitled to a prior vested estate of inheritance, and perhaps, if there is no prior vested estate of inheritance, then if the person entitled to the prior life estate and the trustees are parties, the Court may make a decree that will conclude the rights of such contingent remaindermen; but they do not warrant the idea that the contingent remaindermen who are *in esse* and can be made parties, can be safely dispensed with * * * The very object of applying to the Court is, to obtain authority for disposing of the interests of others, and those really entitled to such interests must, if practicable, be made parties to any proceeding by which it is proposed to dispose of their interests." In the case under consideration, the executory devisees are not *in esse;* therefore, they could not be made parties, and the purchaser of the property under judicial proceedings gets a title stripped of the rights of those persons having merely contingent interests in the property. The Court, however, having charge of the fund arising from the sale of the property, always has the power in the exercise of its chancery jurisdiction to pass such an order as will protect the rights of those who cannot be made parties to the action by reason

11—66

of the fact that they are not *in esse* when the sale takes place. These views dispose of all the questions that can be considered in this proceeding.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.