# Richmond.

## PETER COPLAND'S EXECUTORS v. A. S. COPLAND AND OTHERS.

### November 18, 1926.

1. JUDICIAL SALES—*Defective Acknowledgment—Petition that Defective Acknowledgment be Cured—Case at Bar.*—In the instant case the purchaser at a judicial sale, under a decree entered in the cause, filed his petition asking that the defective acknowledgment of the deed to him by the special commissioner be cured and that the special commissioner and trustee, holding the legal title, be required to convey the property to him. The trial court directed the conveyance by the trustee and the special commissioner thus curing the irregularity in the acknowledgment.

    *Held:* That beneficiaries of the trust, having asked for or acquiesced in the sale and received part of the purchase money, could not attack the validity of the sale; that they were bound, so far as the purchaser was concerned, by all the decrees in the cause affecting the trust property bought by him, over which the court had full jurisdiction; and that the decrees entered therein directing the sale and confirming it could only be assailed by appeal taken within the time prescribed by law.

2. JUDICIAL SALES—*Defective Acknowledgment—Petition that Defective Acknowledgment be Cured—Virtual Representation—Case at Bar.*—In the instant case the purchaser at a judicial sale, under a decree entered in the cause, filed his petition asking that the defective acknowledgment of the deed to him by the special commissioner be cured and that the special commissioner and trustee, holding the legal title, be required to convey the property to him. The trial court directed the conveyance by the trustee and the special commissioner thus curing the irregularity in the acknowledgment. It was claimed that infant remaindermen, born since the decrees in the cause, were not bound, as to the purchaser, by the decrees.

    *Held:* That the doctrine of virtual representation was the answer to this contention.

3. JUDICIAL SALES—*Purchaser's Right to Valid Deed—Infant Remaindermen as Parties—Virtual Representation—Case at Bar.*—In the instant case the question at issue was whether the purchaser at a judicial sale was entitled to a valid deed; and under this issue the question

was raised whether infant remaindermen, born since the decree of sale, were bound by that decree. All existing parties interested had been made parties to the suit.

*Held:* That the infant remaindermen were bound by the decree of sale by the doctrine of virtual representation.

4. PARTIES—*Virtual Representation—General Rule.*—Where all the parties are brought before the court that can be brought before it and the court acts on the property according to the rights that appear, without fraud, its decision must of necessity be final and conclusive.

5. REMAINDERS, REVERSIONS AND EXECUTORY INTERESTS—*Parties—Virtual Representations—Reason of the Rule.*—It would certainly be very unreasonable and unjust that a party having a charge upon an estate affecting the whole fee should be delayed or embarrassed in enforcing it by reason of limitations by way of remainder to persons whom it might be impossible or improper to make parties to the cause. To obviate the difficulty in such cases the doctrine of virtual representation has been introduced, according to which certain parties before the court are regarded as representing those coming after them with contingent interests, who therefore it is not required should be made parties. Accordingly it is well settled that it is not necessary that remaindermen after the first estate of inheritance should be made parties.

6. JUDICIAL SALES—*Parties—Trustee—Party Presumed to Have Notice of all Proceedings in the Cause.*—In a chancery cause, instituted by executors for construction of the will, the general object of the suit being the administration of a trust under the will, a petition was filed asking for the sale of a part of the trust property. This petition named the beneficiaries of the trust then living but failed to name the trustee; and it was claimed that the trustee was a necessary party. But the trustee was one of the parties complainant in the suit in which the petition was filed, and the rule is that every party in a cause is presumed to have notice of the proceedings therein.

*Held:* That the trustee was not a necessary party to the petition, under the circumstances, and was bound by the proceedings in the cause which resulted in the sale.

7. JUDICIAL SALES—*Jurisdiction of Court—Distinction between Sale of Infant's Real Property and Administration of a Trust—Court's Authority over Investment of Trust Funds—Case at Bar.*—The instant case was argued as if all the rules relating to the sale of real estate, the legal or beneficial title to which is in infants or incompetents, should be observed. This, however, loses sight of the fact that this was a trust estate, personal estate, which was being administered by the court, and in the course of that administration certain funds had been invested in real property. The investment was still a part of the trust fund. It can hardly be doubted that under the general powers of a court of equity in administering such a trust,

it may change investments from time to time, from personal estate into real and from real estate into personalty, as, in the judgment of the court, may promote the interests of the parties.

8. JUDICIAL SALES—*Erroneous Decree—Void or Voidable—Appeal.*—In the instant case, a suit to construe a will and administer a trust fund created by the will if a decree for the sale of real property, part of the trust created by the will, was erroneous, upon the ground that the beneficiaries were not entitled to have a sale of the property and commutation of their interests in the fund, the only method for correcting this error was by appeal. The decree was not void because the court had full jurisdiction of the subject matter and all of the parties in interest were before it at the time that decree was entered.

9. JUDICIAL SALES—*Duty of Purchaser—Application of Purchase Money.*—A purchaser at a judicial sale is under no obligation to see to the application of the purchase money by the special commissioner, who is an officer of the court and under its direction.

10. JUDICIAL SALES—*Confirmation—Setting Aside.*—There is a wide distinction between an application to set aside a sale after it is approved by the court, and an application to withhold confirmation. A decree of confirmation is a judgment of the court, which determines the rights of the parties. Such a decree possesses the same force and effect of any other adjudication by a court of competent jurisdiction.

11. JUDICIAL SALES—*Trust Property—Right of Beneficiaries Against Purchaser.*—Where there has been a valid and regular judicial sale of trust property it is the duty of the court to protect the purchaser and to perfect his title, and the beneficiaries under the trust have no legal claim against the purchaser of the property, but must assert their rights, if any they have, against the funds arising from the sale either in the hands of the special commissioner of the court or of any other person to whom they may be traced.

Appeal from a decree of the Circuit Court of Botetourt county, upon a petition in a chancery cause. Decree for petitioner. Respondents appeal.

*Affirmed.*

The opinion states the case.

*W. V. Birchfield, Jr.,* for the appellant.

*James P. Hart, Morris L. Masinter,* and *Horace M. Cox,* for the appellees.

PRENTIS, P., delivered the opinion of the court.

Lake Rosenberg bought certain real estate, referred to as the Franklin road property, at a judicial sale under a decree of July 1, 1911, entered in the cause of *Copland's Executors, &c.* v. *Anna S. Copland and others.* He complied with the terms of the sale, which was confirmed by decree of August 26, 1911, and having paid the purchase price, Turner McDowell was appointed a special commissioner to convey it to him. He did so by deed of July 21, 1913, and the deed was spread upon the records. In 1924, when Rosenberg undertook to sell the property, it was observed that the acknowledgment of the deed by the special commissioner was defective; thereupon, the purchaser, Rosenberg, filed his petition in the said cause, asking that this defect be cured, and that Special Commissioner McDowell and the Richmond Trust Company, as trustee holding the legal title, be required to convey the property to him.

After a hearing upon this petition, the court granted its prayer and directed a conveyance by the trustee and special commissioner, thus curing the irregularity. It is from this decree that this appeal is taken, and while this presents the sole question for consideration, a comprehension of it requires a statement of the preceding litigation in that suit, which may seem to be somewhat involved.

The suit was instituted by the executors of Peter Copland for the construction of his will, the trustee named in the will having declined the trust, the Bank of Richmond, Inc., was appointed trustee, and having resigned the trust, the Richmond Trust and Savings Company was by decree in the cause appointed successor trustee, and since then the name of the trustee has been legally changed to Richmond Trust Company. By decree of October 24, 1901, the trustee was, upon

its motion, admitted as a party complainant in the cause, and this status of the trustee as a party has never been changed. The will of Peter Copland was construed, and the trust has been administered under decrees in the cause.

At the date of the will the testator owned a valuable tract of land. He sold it before his death, however, and when the estate came into the hands of the executor and trustee it was all personalty. By decree of June 5, 1905, the trustee was directed to buy the Franklin road property, above referred to, to be held upon the trusts created by the will. Under the construction placed upon the will, the income from the entire trust estate belongs two-thirds to Anna S. Copland, the testator's daughter, and one-third to Minnie R. Hunter, *nee* Bowyer, the testator's granddaughter, during their lives, with remainders over. While in receipt of this income, on May 1, 1911, a petition was filed in the cause in the names of Anna S. Copland and Minnie R. Hunter, *nee* Bowyer, praying for a sale of the Franklin road property which is here involved, and also of another parcel of real estate held upon the same trust. It alleged the condition and pecuniary necessities of these beneficiaries and gave certain reasons which they alleged justified the sale of the property and the commutation of the value of the income therefrom for life to these beneficiaries, and asked that this income be commuted and paid to them in gross, after deducting certain debts for which they were liable and for the payment of which their creditors might subject such income. To this petition the personal representatives of the testator and William R. Munford and Beverly B. Munford, both of whom had contingent interests in the trust estate, were made parties defendant, but the trustee was not, and be-

cause of this omission, we take it, this litigation chiefly arises.

Upon this petition a decree was entered June 1, 1911, directing a sale of the Franklin road property. Between the date of the decree of sale and before its confirmation (July 25, 1911), Anna S. Copland filed an amended petition through different counsel, alleging that the first petition had been filed by counsel who in fact represented her creditors, and that it was filed "through mistake and a misunderstanding; that it is not her desire to have her life estate in the whole estate of the said Peter Copland commuted so as to give her the entire present value of the said estate; that she had been consulted about the matter, but owing to her affliction, she being exceedingly deaf, she presumes that she did not understand the purport of what was stated to her in connection with this matter, and she now says that she does not want her life estate in the whole estate of the said Peter Copland commuted to its present value; that she is willing to have her life estate in the Franklin road property, in the city of Roanoke, commuted so that she can have the present value of her interest in that property, but that she does not desire to have her life estate in the other property, to-wit, the property known as the Jefferson street property, situated in the city of Roanoke, and the amount of money borrowed by G. W. Bowyer changed in any way; in other words, she desires that these two properties be kept as they are, and that she be allowed to receive the two-thirds of the rents, interest and profits derived therefrom during her life, and that the remainder may then be disposed of as the will of the said Peter Copland directs;" and she then prays that her life estate in the Franklin road property be commuted so as to give her the present value thereof, etc.

It was after this, by decree of August 26, 1911, and upon that amended petition filed by counsel of her own choice, that the cause came on to be further heard and the sale of the Franklin road property was confirmed; and McDowell, as special commissioner, was directed to convey it to Rosenberg, the purchaser, upon payment of the purchase money.

Rosenberg, in his petition for the correction of the irregularity in the conveyance, makes the trustee, Richmond Trust Company, and all others who were apparently interested, including three infant children of Minnie R. Hunter, *nee* Bowyer, namely, Thomas Hunter, twelve years of age; Wilbur Hunter, ten years of age; and Joseph Hunter, eight years of age, parties defendant. It is upon this petition and the answers thereto that the decree appealed from was entered. The appellants here are these three infant children, born since the decree confirming the sale, the said Anna S. Copland and Minnie R. Hunter, *nee* Bowyer.

[1] They raise many objections, but in our view of the case some are irrelevant and none need be discussed at length. Anna S. Copland and Minnie R. Hunter, *nee* Bowyer, who asked for or acquiesced in the sale of the Franklin road property and received part of the purchase money arising therefrom, cannot now attack its validity. They are now bound, so far as the purchaser, Rosenberg, is concerned, by all of the decrees in the cause affecting the trust property bought by him, over which the court had full jurisdiction, and the decrees entered therein directing the sale and confirming it could only be assailed by appeal taken within the time prescribed by law.

[2, 3] It is claimed for these infant appellants, however, who were born since the decrees complained of, that they are not bound thereby. The doctrine of

virtual representation is the answer to this contention. The decree of October 24, 1901, which construed Peter Copland's will, apparently denies them any interest in the trust estate. This question of their interest, however, is not here involved. We understand that it has been reopened and that there is another appeal pending in which that question is raised. The issue here is simply whether or not Lake Rosenberg, the purchaser at the judicial sale, is entitled to a valid deed, and upon this issue the question raised is whether they are bound by that decree of sale by the doctrine of virtual representation. We have no doubt whatever that in any event they are so bound.

[4] The subject was fully discussed by Lee, J., in the case of *Baylor's Lessee* v. *DeJarnette*, 13 Gratt. (54 Va.) 152, 167, and the language of Lord Redesdale in *Giffard* v. *Hort*, 1 Schoales & Lefroy, 386, is quoted with approval: "Where all the parties are brought before the court that can be brought before it and the court acts on the property according to the rights that appear, without fraud, its decision must of necessity be final and conclusive. It has been repeatedly determined that if there be tenant for life remainder to his first son in tail, remainder over, and he is brought before the court before he has issue, the contingent remaindermen are barred; this is now, considered the settled rule of courts of equity, and of necessity."

[5] In the course of his review of the authorities then accessible, Judge Lee says this: "It would certainly be very unreasonable and unjust that a party having a charge upon an estate affecting the whole fee should be delayed or embarrassed in enforcing it by reason of limitations by way of remainder to persons whom it might be impossible or improper to make parties to the cause. To obviate the difficulty in such

cases the doctrine of virtual representation has been introduced, according to which certain parties before the court are regarded as representing these coming after them with contingent interests, who therefore it is not required should be made parties. Accordingly it is well settled that it is not necessary that remaindermen after the first estate of inheritance should be made parties; and where real estate is in controversy which is subject to an entail, it is sufficient to make the first tenant in tail *in esse*, in whom an estate of inheritance is vested, a party with those claiming prior interests without making those parties who may claim in reversion or remainder after such estate of inheritance. And a decree against such tenant in tail will bind those in reversion or remainder, although by the failure of all the previous estates, the estates in remainder or reversion might afterwards become vacated."

This is reiterated by this court in *Faulkner* v. *Davis*, 18 Gratt. (59 Va.) 692, 98 Am. Dec. 698, where Moncure, P., discusses a similar question at length, in the course of which he says this: "Now can it be possible that this suit is defective for want of necessary parties because some of these contingent remaindermen may die in the lifetime of their mother leaving children who may survive her, and thus become interested *per formam doni*, and because such children were not, as they could not be, personally made parties? Can it be possible that a court of chancery is powerless during the life of Mrs. Norton, who has already survived her husband twenty-six years, to execute this trust power of sale, although the interest of all the living beneficiaries in the trust, and even of all beneficiaries therein who may hereafter come into being, would be promoted by the sale, and manifestly requires it? Powerless, be-

cause possibly persons not now in being may hereafter come into being and become interested in the subject on the further and double contingency of their surviving, first their parent and then their grandmother, and because the doctrine of representation does not apply to such a case? If ever there was a case to which it should apply, this, it seems to me, is one. The rule in regard to parties is a rule of convenience, and the court will never allow it to be so applied as to do an injury, to obstruct the administration of justice. To do so, would be to prefer the shadow to the substance, the means to the end; to sacrifice justice to the forms devised for its attainment. It seems to me that when, in a suit brought to enforce the execution of such a trust, all persons in being who are interested in the object of the suit are convened before the court as parties, it is perfectly competent for the court to decree accordingly, and any title acquired under such decree is good, not only against those persons, but all others who may afterwards come into being and become interested in the trust." *Fitzgibbon* v. *Barry*, 78 Va. 755; *Hawthorne* v. *Beckwith*, 89 Va. 790, 17 S. E. 241; *Harrison* v. *Wallton*, 95 Va. 721, 30 S. E. 372, 41 L. R. A. 703, 64 Am. St. Rep. 830; *Rutledge* v. *Fishburne*, 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757, 762, note.

[6] A more insistent contention for the appellants is this: That the trustee, because not named as a party to the petition for the sale of the property, was not a party to the proceeding. This contention ignores the fact that the trustee was one of the parties complainant in the suit in which the petition was filed, and while it seems strange that in naming the beneficiaries of the trust then living the petitioner failed also to name the trustee, we cannot ignore the

fact that the petition was filed in the cause, and the rule that every party to a cause is presumed to have notice of all of the proceedings therein. While there are cases in which some special relief is asked against a party to the cause outside of the general scope of the bill, and he must be made a party to the petition, this is not the case here. The trustee must be held to have knowledge of this proceeding and be deemed a party thereto. The only possible explanation of the failure to name the trustee as a defendant in the petition is that the trust as to this property was inactive, the trustee merely holding the legal title while the beneficiaries were receiving the rents and profits thereof.

We are of opinion that under the circumstances of this case the trustee was not a necessary party to the petition, and is bound by the proceedings in the cause, which resulted in the sale, the general object of the suit being the administration of the trust.

[7, 8] There is another aspect in which the question may be considered. The case is argued as if all of the rules relating to the sale of real estate, the legal or beneficial title to which is in infants or incompetents, should be· observed. This, however, loses sight of the fact that this was a trust estate, personal estate. The trust was being administered by the court, and in the course of that administration certain funds had been invested in the Franklin road property. The investment was still a part of the trust fund. It can hardly be doubted that under the general powers of a court of equity in administering such a trust, it may change investments from time to time, from personal estate into real and from real estate into personalty, as in the judgment of the court may promote the interests of the parties. If the decree for sale was

erroneous upon the ground that the beneficiaries were not entitled to have a sale of the property and commutation of their interest in the fund, the only method for correcting this error was by appeal. It was not void because the court had full jurisdiction of the subject matter and all of the parties in interest were before it at the time that decree was entered.

[9] This then was a judicial sale, and the purchaser was under no obligation to see to the application of the purchase money by the special commissioner, who was an officer of the court and under its direction, and so the statute provides. Code, section 6270.

[10] In this connection, the language of Staples, J., in *Brock* v. *Rice*, 27 Gratt. (68 Va.) 812, which has been often approved, is worthy of repetition: "In considering this case, it is important to bear in mind the rules of law governing judicial sales. All the authorities agree there is a wide distinction between an application to set aside a sale after it is approved by the court, and an application to withhold confirmation. A decree of confirmation is a judgment of the court, which determines the rights of the parties. Such a decree possesses the same force and effect of any other adjudication by a court of competent jurisdiction." *Berlin* v. *Melhorn*, 75 Va. 641; *Terry* v. *Coles' Ex'r*, 80 Va. 702; *Marrow* v. *Brinkley*, 85 Va. 55, 6 S. E. 605; *Traylor* v. *Atkinson*, 130 Va. 555, 108 S. E. 199.

[11] Having these views of the controlling principle applicable so far as they affect the rights of the purchaser, it is unnecessary to discuss the other questions referred to in the briefs. It was the duty of the court to protect the purchaser and to perfect his title, and the beneficiaries under the trust have no legal claim against the purchaser of the property, but must assert

their rights, if any they have, against the funds arising from the sale either in the hands of the special commissioner of the court or of any other person to whom they may be traced.

*Affirmed.*