# Richmond,

## PETER COPLAND'S EXECUTORS v. A. S. COPLAND, ET ALS.

### November 17, 1927.

#### Absent, Burks, J.

1. PARTIES—*Doctrine of Virtual Representation.*—Where all the parties are brought before the court that can be brought before it, and the court acts on the property according to the rights that appear, without fraud, its decision must of necessity be final and conclusive. It has been repeatedly determined that if there be tenant for life, remainder to his first son in tail, remainder over, and he is brought before the court before he has issue, the contingent remaindermen are barred; this is now considered the settled rule of courts of equity, and of necessity.

2. JUDGMENTS AND DECREES—*Doctrine of Virtual Representation—Case at Bar.*—A party to a suit not appealing from a decree in the suit, nor filing a bill of review within the time prescribed by law, or, being an infant at the time of the decree, not undertaking within six months after reaching her majority to show cause against it, as authorized by Code of 1919, section 6305, is bound by the decree where the court had jurisdiction of the subject matter and the parties; and her children not *in esse* at the time are equally bound thereby under the doctrine of virtual representation.

3. WILLS—*Construction—Remainders—Devise to Daughters with Remainder to Their Issue—Case at Bar.*—In the instant case a testator gave his property to his three daughters with provision that if either of the daughters should die without issue, her property should be inherited by the remaining sister or sisters. There was a further provision that if when all three of testator's daughters should have died, there should be "two or more heirs left of their issue, the property remaining shall be equally divided between them." A suit was brought to construe the will, and at the time of the decree in this suit one of the three daughters had died leaving an infant daughter about ten years old who was made a party. The decree declared that the one surviving daughter of testator was entitled to receive two-thirds of the net income of the estate and that the in-

fant grandchild was entitled to receive one-third of the net income, and that on the death of the surviving daughter without issue, the grandchild surviving her, having one or more living descendants, the grandchild would be the heir designated and her descendants should not be counted as heirs.

*Held:* That the sons of the grandchild, their mother being still living, had no interest in the estate upon the death of the surviving daughter. But if the grandchild should die during the life of the surviving daughter her children would take under the description of heirs in testator's will.

Appeal from a decree of the Circuit Court of Botetourt county, construing a will.

*Affirmed.*

The opinion states the case.

*M. V. Birchfield, Jr.*, for the appellants.

*Hunton, Williams, Anderson and Gay*, and *Cocke, Hazlegrove & Shackelford*, for the appellee.

Prentis, P., delivered the opinion of the court.

This is a petition for appeal filed for three infants, Thomas D. Hunter, Jr., Wilmer B. Hunter and Joseph L. Hunter, their aunt, Anna S. Copland, and their mother, Minnie R. Hunter, *nee* Bowyer. Anna S. Copland died in April, 1927, since the appeal was allowed, without issue, and her estate has no interest therein.

The original bill was filed May 26, 1891, by the executors of Peter Copland, deceased, praying for general directions and for the construction of Peter Copland's will. The bill prays specifically that the will be construed, and the rights of all parties in interest be precisely ascertained and determined.

With all of the interested parties then in being

before the court, the circuit court construed the will of Peter Copland.

The testator gave his property to his three daughters, Anna S., Margaret N. and Susie M. Copland, who married G. W. Bowyer, and directed his land to be sold and the fund invested for their benefit.

The precise clause here involved reads: "At the death of either one of my daughters who should die without marrying or should marry and die without issue, their or her property shall be inherited by the remaining sister or sisters. If when all three of my daughters shall have died, there be two or more heirs left of their issue, the property remaining shall be equally divided between them, and should one heir remain, the property shall be divided giving that heir two-thirds and the remaining one-third equally divided between B. B. and Wm. R. Munford."

In response to the prayer of the bill, the court by decree of October 24, 1901, construed the will. The decree itself recites that "on consideration whereof, and as a final judicial interpretation and construction of the true intent and meaning of the various disposing clauses of the last will and testament of the said Peter Copland, deceased, so far as not heretofore decided, the court is of opinion, and ascertains, adjudges, orders and decrees:"

(At the time of this decree Susie M. Bowyer, one of the three daughters, had died, leaving an infant daughter, Minnie R. Bowyer, who is now Minnie R. Hunter, one of the appellants. She was at that time about ten years of age. She afterwards married and her three infant children, Thomas D. Hunter, Jr., Wilmer B. Hunter and Joseph L. Hunter, are the other appellants here. So that at the time of the decree of October 24, 1901, all of the parties interested in the subject

matter of the controversy, then in being, were before the court, the then unborn infants last mentioned being then represented by their mother, Minnie R. Bowyer, at that time herself an infant and unmarried. At the time of that decree Anna S. Copland, unmarried, was the last survivor of the three duaghters of the testator.)

That decree construing the clause involved reads:

"3. That the said Anna S. Copland for and during her life is entitled to receive in absolute estate two-thirds of the net income, interest and profits (after paying costs, expenses and taxes) derived from the said trust property;

"4. That the infant defendant, Minnie R. Bowyer, during the joint lives of herself and the said Anna S. Copland, is entitled to receive one-third of the net income, interest and profits (after paying costs, expenses and taxes) derived from the said trust property, to be paid during her infancy to her duly qualified guardian, and after she shall have attained the age of twenty-one years to be paid to her personally;

"5. That upon the death of the said Anna S. Copland, the sole surviving daughter of the said testator, the trusts created by the said last will and testament determine; and those who take thereafter will be entitled to absolute estates in the entire corpus freed from all trusts, conditions, limitations and restrictions;

"6. That in the clause of the said last will and testament which provides that after 'all three of' his daughters shall have died, if 'there be two or more heirs left of their issue,' the word heirs (plural) shall not be construed to embrace or to be answered by one of the testator's grandchildren; but on the contrary one such living grandchild of the testator, though she shall have descendants also living at the death of the said Anna

S. Copland, shall be regarded as one only; and that if, therefore, the said Minnie R. Bowyer survive the said Anna S. Copland, and the latter shall die without marriage and issue, and the said Minnie R. Bowyer shall at such death of the said Anna S. Copland have one or more living descendants, she, the said Minnie R. Bowyer, shall be the one heir designated, and her descendants shall not be counted as 'heirs' with her to make the plural; and she shall take only two-thirds of the said estate, and the other one-third shall pass absolutely in equal halves thereof, (1) to the said Beverley B. Munford individually, and (2) to the said J. C. Shelhorse, the personal representative of the said William R. Munford, deceased; and the same rule shall obtain in similar cases in remoter degrees;

"7. That under the said disposing clause referred to, if the said Minnie R. Bowyer shall die during the life of the said Anna S. Copland, and at the death of the latter there shall be two or more of her (the said Minnie R. Bowyer's) children living, then such children shall answer the description of 'heirs' and shall take the entire property of the said testator; and the same rule shall obtain in similar cases in remoter degrees."

The question here raised arises out of an attack made by the three children of Minnie R. Bowyer, who married Hunter, who were unborn at the time of the decree of 1901. These three infants, Thomas D. Hunter, Jr., Wilmer B. Hunter and Joseph L. Hunter, on July 21, 1924, filed their joint and separate answers and cross-bill, asking that the decree of 1901 construing the will of Peter Copland be set aside as beyond the jurisdiction of the court and not binding upon the infants at that time unborn, and that the will of Peter Copland be again construed by the court, giving to the said infants their proper share of the estate. To this answer and cross-bill proper answers have been filed by

the other parties interested, and the pleadings present the issue now to be determined.

[1] It is entirely unnecessary to elaborate on what has been said so frequently by this court as to the doctrine of virtual representation. It was referred to in *Copland's Executors* v. *Copland*, 146 Va. 40, 135 S. E. 707. For the purpose of this case, the rule is sufficiently expressed in the language of Lord Redesdale in *Giffard* v. *Hort*, 1 Schoales & Lefroy 386: "Where all the parties are brought before the court that can be brought before it, and the court acts on the property according to the rights that appear, without fraud, its decision must of necessity be final and conclusive. It has been repeatedly determined that if there be tenant for life, remainder to his first son in tail, remainder over, and he is brought before the court before he has issue, the contingent remaindermen are barred; this is now considered the settled rule of courts of equity, and of necessity." *Baylor's Lessee* v. *DeJarnette*, 13 Gratt. (54 Va.) 167; *Faulkner* v. *Davis*, 18 Gratt. (59 Va.) 692, 98 Am. Dec. 698; *Fitzgibbon* v. *Barry*, 78 Va. 755; *Hawthorne* v. *Beckwith*, 89 Va. 790, 17 S. E. 241; *Harrison* v. *Wallton*, 95 Va. 721, 30 S. E. 372, 41 L. R. A. 703, 64 Am. St. Rep. 830; *Rutledge* v. *Fishburne*, 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757, 762, note.

[2] Minnie R. Hunter, *nee* Bowyer, was a party to that suit. She could have appealed from the decree, or filed a bill of review thereto, in accordance with the Virginia statutes then effective, within one year thereafter, or being an infant at the time she might have undertaken, within six months after reaching her majority, to show cause against it, as authorized by Code, section 6305. As she did neither and the court which entered the decree had jurisdiction of the subject matter and the parties, she is bound thereby. The other petitioners, her children, who were not *in esse*

at the time, are equally bound thereby under the doctrine of virtual representation.

[3] The trial court in this case, on April 12, 1926, entered a decree, entitled "Declaratory decree and judgment as to the interest of Thomas D. Hunter, Jr., Wilmer B. Hunter and Joseph L. Hunter in the estate of Peter Copland, deceased, under his last will and testament." That decree adjudges "that so far as the said infants, Thomas D. Hunter, Jr., Wilmer B. Hunter and Joseph L. Hunter, are concerned, they have no present vested interest in the estate of Peter Copland, deceased; but in the event and upon the contingency that their mother, Minnie R. Hunter, shall die during the lifetime of Miss A. S. Copland, then at the death of the latter, if two or more of said infants be then living, they together with such other children of Minnie R. Hunter as may hereafter be born and then be living, shall take the entire property of said testator under and by virtue of his said last will and testament; and only in the event of the happening of the contingencies aforesaid will said infants take anything under and by virtue of the will of Peter Copland, deceased."

This is the decree from which this appeal is taken. The construction thereby given strictly accords with the previous construction of the will which had been made by the decree of October 24, 1901, observing the changed circumstances, *i. e.*, the marriage of Minnie R. Bowyer and the birth of her three children. The decree recognizes the validity of the former decree, and simply declares the contingent rights of the three children of Minnie R. Bowyer (Hunter), who were not *in esse* at the time of the original decree. We think it unnecessary to prolong the discussion or say more than that both decrees correctly construed the will of Peter Copland.

*Affirmed.*